■ PRIDE LABORATORIES, INC., Appellant, v ATHEA LABORATORIES, INC., Respondent.—In an action *inter alia* to recover damages for breach of contract, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered June 4, 1976, after a hearing, which is in favor of defendant upon the dismissal of the complaint on the ground of lack of personal

jurisdiction. Judgment affirmed, with costs. The acts of the defendant corporation were not sufficient to subject it to jurisdiction in New York. We agree with the findings of Special Term that the infrequent visits of an officer of the defendant corporation to New York were for the collection of delinquent accounts and the adjustment of disputes, and not for the solicitation of business. We find no merit to the argument that a breach of contract constitutes a tortious act and may form a basis for long-arm jurisdiction under CPLR 302 (subd [a], pars 2, 3) (see *Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391). We agree with Special Term's conclusion that, in the interests of substantial justice and in accordance with CPLR 327, the plaintiff's cause of action should be heard in the Wisconsin forum as part of the action now pending in said forum. Martuscello, Damiani and Titone, JJ., concur; Hopkins, Acting P. J., concurs in the result, with the following memorandum: Although I am of the view that there were sufficient contacts in New York to justify jurisdiction over the defendant, particularly with respect to the agreement evidenced by the letter of January 8, 1975, nevertheless, I am also of the view that this action could best be presented as a counterclaim in the action now pending in Wisconsin.