## Second Department, November, 1978

### (November 3, 1978)

■ Aaron Nemetsky, Respondent-Appellant, v Banque de Developpement de la Republique Du Niger, Appellant-Respondent, et al., Defendants.—Motion by appellant-respondent, pursuant to CPLR 6211 (subd [b]), to vacate a levy of attachment made January 15, 1978 under an order of attachment, dated October 18, 1977. Cross motion by respondent-appellant to stay the enforcement of this court order dated July 31, 1978 [64 AD2d 694], pending determination of the appeal from said order by the Court of Appeals. Motion and cross motion denied but the order of this court dated July 31, 1978 is stayed for 10 days after entry of an order on this decision in order to permit the respondent-appellant time to seek a stay from the Court of Appeals. On the court's own motion, its decision and order, both dated July 31, 1978, are hereby vacated and recalled, and the following decision is substituted therefor: "In an action, *inter alia,* on a foreign draft ('trade acceptance'), defendant Banque de Developpement de la Republique du Niger (Banque) and plaintiff cross-appeal from an order of the Supreme Court, Kings County, dated February 16, 1978, which, upon Banque's motion to dismiss for lack of jurisdiction and plaintiff's cross motion to confirm and prove the grounds upon which an attachment order was issued, directed that a hearing be held as to the jurisdictional facts, following plaintiff's opportunity to obtain disclosure. Order reversed, on the law, without costs or disbursements, Banque's motion to dismiss granted and plaintiff's cross motion denied. Plaintiff claims that he is owed $85,000 on a draft or trade acceptance guaranteed by Banque. The draft, made in Niger, is payable to one Herbert Steed and was drawn by defendant El Hadj Mahaman Yahaya. Plaintiff also claims that the draft is integrally related to Banque's deposit with Credit Lyonnais (New York branch) under a letter of credit naming Cornwall Maritime (of which Steed is a principal) as beneficiary. Banque moved to dismiss for lack of in personam or in rem jurisdiction. Plaintiff cross-moved to confirm an order of attachment on Banque's deposit with Credit Lyonnais. Special Term directed a hearing to determine the facts concerning Banque's activities in New York. We hold that there is no basis for jurisdiction by plaintiff over Banque. First, the 'doing business' standard plaintiff alleges as a basis for jurisdiction (see CPLR 301) has not been met. Second, an essential criterion for long-arm jurisdiction under CPLR 302 (subd [a], par 1) is that the cause of action must arise out of the business transacted in New York. Plaintiff's claim that the trade acceptance arises out of the letter of credit deposit Banque has with Credit Lyonnais in New York is not substantiated. The trade acceptance on its face gives no evidence of any relationship to the New York deposit. The draft, drawn in Niger by defendant El Hadj and guaranteed by Banque, *may* be related to the same business interest that prompted the letter of credit deposit. That business interest does not, however, transform one item into the other. The two transactions remain discrete. The trade acceptance is not shown to have arisen out of the business transacted by Banque when it opened the letter of credit at Credit Lyonnais. Even if the trade acceptance were shown to be

part of the correspondent bank relationship, that relationship does not itself provide the basis for long-arm jurisdiction under CPLR 302 (subd [a], par 1) (see *Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391; *Taub v Colonial Coated Textile Corp.,* 54 AD2d 660; *National Amer. Corp. v Federal Republic of Nigeria,* 425 F Supp 1365, 1361). Since that is so, the minimum contacts necessary to satisfy due process requirements in the exercise of quasi in rem jurisdiction under the attachment are also absent (see *Shaffer v Heitner* 433 US 186). If a correspondent bank relationship, standing alone, does not provide sufficient contacts for the exercise of long-arm jurisdiction, it gains no enhanced status when it is offered to satisfy due process prerequisites for an attachment. Neither assertion by plaintiff, (1) that Banque 'has spread on the record the precise nature of its [close] relationship with Credit Lyonnais', nor (2) that Credit Lyonnais and Banque share a 'special kinship' through the affiliation of Niger with the West African Monetary Union and ultimately with the French Government Bank, suffices to advance the proposition that Credit Lyonnais may act as Banque's agent in New York. On that conclusion, a hearing and discovery are not warranted (cf. *Amigo Foods Corp. v Marine Midland Bank-N. Y., supra; Peterson v Spartan Ind.,* 33 NY2d 463). We find no merit to plaintiff's contentions that Banque consented to jurisdiction or that prior decisions in this litigation have determined the question of jurisdiction. Finally, we note that plaintiff's reliance on *Zeevi & Sons v Grindlays Bank (Uganda)* (37 NY2d 220) is misplaced. The Court of Appeals there sustained subject matter jurisdiction. It did not discuss the attachment. We note in passing, however, that the attachment in *Zeevi* was on funds that were the subject of the controversy (cf. *Shaffer v Heitner,* 433 US 186, *supra).* Shapiro, Cohalan and O'Connor, JJ., concur; Gulotta, J. P., dissents and votes to affirm the order with the following memorandum: In my opinion, the instant record is too unclear to satisfactorily establish the precise nature of the interrelationship, if any, between the New York branch of Credit Lyonnais, the defendant Banque de Developpement de la Republique du Niger, and the business transactions out of which plaintiff's cause of action arose. The critical facts remaining as yet obscure, and resting to a large extent within the exclusive knowledge of the parties defendant, I believe that a hearing, preceded by limited discovery into the underlying jurisdictional facts, is desirable in this case (see CPLR 3211, subd [d]; see *Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391; *Peterson v Spartan Ind.,* 33 NY2d 463). Should the plaintiff fail to establish a viable predicate for in personam jurisdiction, however, it is my further belief that jurisdiction may not be predicated on the ex parte order of attachment as the levy did not precede service upon the defendant Banque as required by CPLR 314 (subd 3); nor was service made within 60 days after the order was granted (see CPLR 6213). On this analysis, I would not reach the additional question of the validity of the subject attachment as a predicate for quasi in rem jurisdiction under *Shaffer v Heitner* (433 US 186)." Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.