■ GEORGE S. PETTY, Appellant, v MYLLYKOSKI OY et al., Respondents. — Order entered April 28, 1982, Supreme Court, New York County (Wolin, J.), granting defendants' motion to dismiss the complaint, unanimouusly reversed, on the law and the facts and in the exercise of discretion, the motion denied and the complaint reinstated, without costs and without prejudice to defendants renewing their motion upon completion of plaintiff's discovery. Shortly after personal service was effected upon defendant Myllykoski Oy, all three defendants moved to dismiss the complaint alleging lack of jurisdiction over defendant Myllykoski Oy and failure to join an indispensable party (Myllykoski Oy) as to the other two defendants. Special Term erred in not holding the motion in abeyance and granting plaintiff's request for further discovery. On defendants' own papers it is clear that there are material facts to be delved into and that disclosure may ultimately require jurisdiction over Myllykoski Oy to be upheld. The Court of Appeals, in *Peterson v Spartan Inds.* (33 NY2d 463), specifically rejected a contention that plaintiff must demonstrate "prima facie" jurisdiction before conducting discovery on the jurisdictional issue, in order to discover facts essential to the opposition of a dismissal motion. Only a demonstration that facts "may exist" in opposition is needed to warrant discovery (*Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391). Of course, discovery should be limited to the circumstances and communications of Myllykoski Oy and the other defendants' personnel while in New York, relative to the acquisition of the Maine lumber mill at issue here. Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.