## (May 15, 1984)

■ HAROLD S. JACOBSON et al., Appellants, v PRINCESS HOTELS INTERNATIONAL, INC., et al., Respondents. — Order, Supreme Court, New York County

(Andrew Tyler, J., on opn of Henry R. Williams, J.), entered January 13, 1983, granting defendants' motion to dismiss the complaint as against Princess Hotels International, Inc., for failure to state a cause of action and as against Hotel Pierre Marques Princess and Club De Golf for lack of personal jurisdiction, unanimously reversed, on the law, with costs and disbursements, the motion denied and the complaint reinstated as against both defendants. ¶ The action was brought to recover for personal injuries sustained by plaintiff when he fell 14 feet from a wall adjacent to the pool deck at the Hotel Pierre Marques in Acapulco, Mexico. Plaintiff, who was a guest at the hotel, was sunbathing at the time and claims that the hotel was negligent in not providing sufficient safeguards. The complaint alleges negligence by both defendants in the ownership and control of the premises and asserts that requisite jurisdiction exists in that the hotel does business in the State through its agent, Princess Hotels International, Inc. (International). ¶ In moving to dismiss, International claimed that it was not an agent for the hotel and that its sole function was to make reservations for hotel accommodations and that it did not "own, control, maintain or supervise" the Hotel Pierre Marques, which was owned by a Mexican corporation, Impulsora de Revolcadero S.A. Special Term granted the motion, concluding that no cause of action existed against International since it acted as agent for a disclosed principal and, in that capacity, did no more than book plaintiff's hotel reservations. Finding that the Hotel Pierre Marques was but one of a number of hotels which used International's services, it held that International was not an agent of the hotel sufficient to confer personal jurisdiction. In denying plaintiff's request for discovery on the jurisdictional issue, the court expressed the belief that plaintiff had requisite knowledge and that the unavailability of discovery, while that might be relevant to a motion for summary judgment (CPLR 3212, subd [f], "Facts unavailable to opposing party") was without dispositive effect on a motion to dismiss addressed to the face of the pleading. ¶ We disagree with each of these conclusions. The record is palpably insufficient to finally resolve the issue of whether necessary personal jurisdiction exists as against the Hotel Pierre Marques, based upon its doing business in the State through International, as its agent, or in some other capacity. The only substantive proof offered on the motion was the affidavit of the secretary of International who, while implying no relationship between International and the hotel, except as booking agent, alleged, on information and belief, that the hotel "has no place of business in the State of New York." The source of his knowledge is not set forth. Clearly, there was no factual basis presented for the conclusion by Special Term that the court lacked jurisdiction or that the hotel did not do business in the State under the operative standard expressed in *Frummer v Hilton Hotels Int.* (19 NY2d 533; cf. *Delagi v Volkswagenwerk AG.,* 29 NY2d 426; *Laufer v Ostrow,* 55 NY2d 305). ¶ On this record, it cannot be conclusively determined whether the hotel was sufficiently present within the State, either in person or by an authorized agent or representative, to be subject to personal jurisdiction. Contrary to the determination reached at Special Term, discovery proceedings, on the issue of jurisdiction are authorized and necessary (*Amigo Foods Corp. v Marine Midland Bank,* 39 NY2d 391; *Peterson v Spartan Inds.,* 33 NY2d 463; *Petty v Oy,* 93 AD2d 791; CPLR 3211, subd [d]). Apart from its desirability, discovery is generally essential for the final resolution of a jurisdictional issue, particularly where the facts are complex, obscure or in dispute. In lieu of determining the conflicting proof offered, especially in view of the insufficiency of the defendants' affidavits, at a minimum, the issue should have been referred for a hearing before the court or a special referee, with appropriate disclosure, regulated under CPLR article 31 or by the referee under CPLR 4201 (*Propulsion Systems v Avondale Shipyards,* 67 Misc 2d 839).

¶ The record is equally deficient to finally resolve the issue as to whether a cause of action exists against International. Ordinarily, an independent travel or booking agent cannot be held responsible for the negligence of its principal, where the agent simply makes the reservation or packages the tour (see *Weiner v British Overseas Airways Corp.,* 60 AD2d 427; *Dorkin v American Express Co.,* 43 AD2d 877, affg 74 Misc 2d 673; but see *Unger v Travel Arrangements,* 25 AD2d 40). Here, however, it does not appear in what capacity International acted. The advertising brochures and material distributed to the public make reference to the seven Princess hotels and facilities, using the following possessive phrases: "our hotels", "our sister hotel, the Acapulco Princess", "our fourteen outdoor courts", "our seven pools", "our twelve bars, lounges, disco and nightclub", etc. The advertising material conveys the apparently desired impression of an integrated Princess organization, quite opposite from the portrait of independence which defendants, with far less candor than one might expect, sought to convey before Special Term. The carefully tailored affidavit of International's secretary, proclaiming that its sole function was to make hotel reservations and that it did not own, operate or maintain any hotel, does not disclose the full relationship of the parties or that the Princess hotels, as well as International, were directly or indirectly owned by National Bulk Carriers, a Delaware corporation with its principal place of business in New York (see *Matter of National Bulk Carriers* [*Princess Mgt. Co.*], 597 F2d 819). While the two defendants apparently have separate corporate identities, it appears that there does exist a Princess corporate structure which may have a bearing on the issues. Furthermore, there is a distinct possibility of interlocking relationships which have not been disclosed. At the least, there should be an opportunity for exploration of the facts in advance of summary disposition of the issue. ¶ Nor is it clear that International acted solely as agent for a disclosed principal since nowhere in the advertising material for Pierre Marques is there any disclaimer of either ownership, operation or control by International, which prominently displays the Princess name and logo in several places and the slogan, "Come fall in love with Princess." The only disclaimer is buried on the reverse side of the reservation confirmation form where, in small print, the following advice appears: "Princess Reservations Service and Princess Hotels International are only reservations and marketing agents for the confirmed hotel and do not own or operate the hotel." The legal effect of this "disclaimer" cannot be determined on this record and should appropriately await the full development of the facts. Concur — Murphy, J. P., Sandler, Asch, Kassal and Alexander, JJ.