595 F.Supp. 502 (1984)
The EXCHANGE NATIONAL BANK OF CHICAGO, Plaintiff,
v.
EMPRESA MINERA DEL CENTRO DEL PERU S.A. and Banco Popular Del Peru, Defendants.
No. 83 Civ. 8287 (KTD).
United States District Court, S.D. New York.
September 6, 1984.
*503 Baker & McKenzie, New York City, for plaintiff; Richard Franklin, Arthur W. Rovine, New York City, of counsel.
White & Case, New York City, for defendants; P.B. Konrad Knake, F. Ellen Zeifer, New York City, of counsel.

MEMORANDUM & ORDER
KEVIN THOMAS DUFFY, District Judge:
Plaintiff Exchange National Bank of Chicago ("Exchange") brought this action on a promissory note issued by defendant Empresa Minera del Peru, S.A. ("Centromin") and guaranteed by defendant Banco Popular del Peru ("Banco Popular"). Defendants move to dismiss for lack of subject matter jurisdiction claiming immunity under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, et seq. ("the Act" or "FSIA"). Alternatively, defendants assert lack of in personam jurisdiction.
On May 2, 1980, Centromin issued to Caterpillar Americas Co. ("Caterpillar") a negotiable promissory note for the principal sum of $498,216.23 plus interest in order to finance the purchase of various machinery and replacement parts manufactured in the United States by Caterpillar. The note was payable in New York, New York. The terms of the agreement with Caterpillar were negotiated in Peru by Centromin and a dealer for Caterpillar equipment, Enrique Ferreyros y Cia, S.A. ("Enrique"). Upon receipt of the promissory note from Centromin, Caterpillar negotiated the promissory note to Chase Bank International who in turn negotiated the note to Central National Bank in Chicago ("Central"). Thereafter, Central merged with and changed its name to Exchange.
Centromin is an entity organized and existing under the laws of Peru with its principal place of business in Lima, Peru. It is wholly-owned and controlled by the Peruvian government. Banco Popular is also organized and existing under the laws of Peru with its principal place of business in Lima, Peru. The majority of the ownership interest of Banco Popular is owned by the government of Peru. Neither Centromin nor Banco Popular have offices in the United States.
Centromin remitted to Exchange only five of the eight semi-annual payments of principal and interest. The sixth and seventh payments, due May 2, 1983 and November 2, 1983 respectively, were not made. On November 7, 1983, Exchange exercised the option under an acceleration clause to demand immediate payment in full of the remaining unpaid principal. On May 2, 1984, Banco Popular as guarantor made a partial payment in the amount of $3,113.85. When no additional payments were forthcoming, plaintiff commenced this action. Defendants now move pursuant to the Foreign Sovereign Immunities Act to dismiss the action for lack of subject matter jurisdiction and personal jurisdiction. For the reasons that follow, defendants' motion is granted.

DISCUSSION
The Foreign Sovereign Immunities Act provides that a foreign state "shall be immune *504 from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 ...." 28 U.S.C. § 1604; see 28 U.S.C. § 1330.
Plaintiff does not dispute that defendants fall within the definition of an "agency or instrumentality" of a foreign state. See 28 U.S.C. §§ 1603(a), 1603(b)(2). Instead, Exchange asserts that defendants are subject to jurisdiction under the exceptions to foreign sovereign immunity set forth in the Act. See 28 U.S.C. § 1605. The exception relevant to this case provides for subject matter jurisdiction in actions which are based:
upon a commercial activity carried on in the United States by a foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.
28 U.S.C. § 1605(a)(2).
"Commercial activity carried on in the United States by a foreign state" is further defined by the Act as "commercial activity carried on by such state ... and having substantial contact with the United States." 28 U.S.C. § 1603(e) (emphasis supplied). The purchase of the equipment by Centromin was made pursuant to negotiations between Centromin and Caterpillar's dealer, Enrique, which transpired in Peru. The promissory note was executed in Peru. Thus, the only potential contacts with the United States includes the fact that the ultimate seller, Caterpillar, exists under the laws of the United States and the fact that the note was made payable in New York. These two contacts do not satisfy the Act's definition of "commercial activity." See Verlinden B.V. v. Central Bank of Nigeria, 488 F.Supp. 1284, 1296 (S.D.N.Y.1980) (provision for payment in United States is insufficient), aff'd on other grounds, 647 F.2d 320 (2d Cir.1981), rev'd on other grounds, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983); Export Credit Corp. v. Diesel AutoParts Corp., 502 F.Supp. 207, 209 (S.D.N.Y.1980) (guarantor's promise to pay in United States is insufficient). Cf. Plaza Realty Investors v. Bailey, 484 F.Supp. 335, 346 (S.D.N.Y. 1979) (personal jurisdiction is not conferred as a result of making a note payable in foreign state); American Recreation Group, Inc. v. Woznicki, 87 A.D.2d 600, 448 N.Y.S.2d 51, 52 (2d Dep't 1982) (fact that note payable within forum is insufficient as a matter of due process). Thus, subject matter jurisdiction does not exist based on the first clause of 28 U.S.C. § 1605(a)(2).
The second subdivision of 28 U.S.C. § 1605(a)(2) confers jurisdiction on the court when the action is predicated on an "act performed in the United States in connection with a commercial activity of the foreign state elsewhere." 28 U.S.C. § 1605(a)(2). This clause has been interpreted according to legislative history as intending to cover conduct of the foreign state "which relates either to a regular course of commercial conduct elsewhere or to a particular commercial transaction concluded or carried out in part elsewhere." H.R.Rep. No. 1487, 94th Cong., 2d Sess. 19 (1976), reprinted in 1976 U.S.Code Cong. & Ad.News 6604 at 6617.
In order for this exception to attach, the "act"  defendants' nonpayment of the obligation  must be deemed to have occurred in the United States and the failure to pay must be in connection with commercial activity transpiring elsewhere  here, the purchase of mining equipment from Caterpillar.
I cannot say, however, that the situs of the "act" (or the failure to act) occurred in New York where the debt was due. See Shaffer v. Heitner, 433 U.S. 186, 200, 97 S.Ct. 2569, 2577, 53 L.Ed.2d 683 (1977) (citing Harris v. Balk, 198 U.S. 215, 223, 25 S.Ct. 625, 626, 49 L.Ed. 1023 (1905)) (debt owed is an intangible form of property that travels with the debtor.). The decision to withhold payment on the note was made in Peru. Therefore, the second subdivision of 28 U.S.C. § 1605(a)(2) does not apply either.
Finally, plaintiff asserts that defendants are not immune by operation of the third clause in 28 U.S.C. § 1605(a)(2) which provides *505 that subject matter jurisdiction exists in an action based on defendants' commercial activity outside the United States causing a direct effect in the United States. Again, the only connection alleged by plaintiff is defendants' nonpayment of a note that was to be paid in New York. The direct effect of defendants' repudiation of the promissory note was clearly felt in the United States where Exchange, an American entity, suffered its monetary loss. See Texas Trading & Milling Corp v. Federal Republic of Nigeria, 647 F.2d 300, 312 (2d Cir.1981).
Before jurisdiction can be exercised over a foreign sovereign, however, due process dictates that there exist certain minimum contacts between the sovereign, the cause of action and the forum state "such that the maintenance of the suit does not offend `traditional notions of fair play and substantive justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). Thus, to exercise jurisdiction over Peru or its agents or instrumentalities  here, Banco Popular and Centromin  I must find that they "purposefully avail[ed]" themselves of the "privilege of conducting business within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). There is nothing to indicate that the defendants availed themselves of the privilege of doing business in the United States. The fact that Centromin has a New Jersey subsidiary is irrelevant as to Centromin's contacts. Furthermore, I reject totally plaintiff's attempt to create contacts by hypothesizing about the manner in which Centromin planned to finance its purchase before Caterpillar agreed to accept a promissory note.
Centromin's ongoing contacts with United States importers, purchasing agents and freight forwarders  all alleged by plaintiff without foundation  are irrelevant to my inquiry since the defendants' contacts must be in connection with the plaintiff's cause of action. See East Europe Domestic International Sales Corp. v. Terra, 467 F.Supp. 383, 388 (S.D.N.Y.), aff'd, 610 F.2d 806 (2d Cir.1979).
Finally, with respect to Banco Popular, contacts with correspondent banks in New York are insufficient to sustain the exercise of personal jurisdiction. See Amigo Foods Corp. v. Marine Midland Bank  New York, 39 N.Y.2d 391, 348 N.E.2d 581, 583, 384 N.Y.S.2d 124, 127 (1976). Thus, it is likewise insufficient to support jurisdiction under the FSIA exception since both are based on a minimum contacts standard.
Accordingly, I conclude that subject matter jurisdiction is lacking under the Act because defendants do not have the requisite minimum contacts with the United States. Furthermore, although it is unnecessary to reach the issue, because there is no subject matter jurisdiction, there is also no personal jurisdiction. See 28 U.S.C. § 1330(b); Texas Trading, 647 F.2d at 313. In sum, defendants' motion is granted and plaintiff's complaint is dismissed.
SO ORDERED.