**ADVANCE REALTY ASSOCIATES, Plaintiff,**

v.

**Douglas KRUPP and the Krupp Company, Defendants.**

**85 Civ. 8441 (RLC).**

United States District Court, S.D. New York.

May 29, 1986.

G. Oliver Koppell, New York City, for plaintiff.

Parker, Chapin, Flattau & Klimpl, New York City, for defendants; Joel M. Wolosky, Joel A. Chernov, of counsel.

ROBERT L. CARTER, District Judge.

Defendants Douglas Krupp and the Krupp Company removed this action from New York State Supreme Court to this

court, asserting diversity of citizenship. They now move to dismiss the action pursuant to Rule 12(b)(1), F.R.Civ.P.

## FACTS

The facts are taken from the complaint as well as from the affidavits and exhibits submitted by both sides. Although we must construe the pleadings and the affidavits in the light most favorable to plaintiff, *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985), in this case that rule of construction is superfluous because the facts are uncontroverted. Plaintiff Advance Realty Associates ("Advance") is a New York real estate broker. Douglas Krupp, a Massachusetts citizen and resident, is a general partner of The Krupp Company, a Massachusetts real estate developer. The defendants do not own or lease any property in New York; nor do they maintain an office, post office box or telephone listing here. They have, however, formed a number of partnerships that they have registered as broker-dealers in New York State, pursuant to N.Y.Gen. Bus.L. § 352–b (McKinney 1984).

In January, 1984, Advance called the defendants at their office in Massachusetts to tell them about the "Lakeview Towers," a large residential complex being offered for sale in Chicago, Illinois. The sellers were unwilling to pay Advance any brokerage commission. Advance and the defendants discussed the deal and the defendants agreed to pay Advance a one and one-half percent commission in the event that any sale was consummated. Douglas Krupp sent Advance a telegram confirming this agreement; Sam Brounstein, a partner of Advance, also confirmed it by sending Douglas Krupp a Western Union "Mailgram." Advance claims that defendants "or individuals or corporations controlled by or affiliated with defendants" indeed purchased the "Lakeview Towers," and that the defendants have refused to pay Advance any brokerage commission.

Advance sent the defendants several "packages," or descriptions of other real estate offerings, during 1984 and 1985. Several were discussed over the phone.

None, apparently, led to a consummated sale.

## DISCUSSION

In this diversity action, *in personam* jurisdiction is determined by the law of the state in which this court sits, New York. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir.1963) (*en banc*). Plaintiff bears the burden of proving jurisdiction. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). At this stage of the proceeding, absent an evidentiary hearing plaintiff need only make a prima facie showing that this court has the power to hear this case. *Id.* at 904. With these signposts as our guide, we review the facts to see if the requirements of either CPLR § 301, conferring general jurisdiction over the defendants, or CPLR § 302, conferring specific jurisdiction over them, have been met.

### A. General Jurisdiction

A foreign corporation is deemed to have consented to general jurisdiction over it when it registers to do business in New York pursuant to N.Y.Bus.Corp.L. § 304, without regard to the actual volume of business done there. *Augsbury Corp. v. Petrokey Corp.*, 97 A.D.2d 173, 470 N.Y. S.2d 787 (3d Dept.1983). When a corporation registers to do business in New York, it appoints the secretary of state to receive process for it. The statute imposes no limitation upon this appointment; apparently, the secretary of state may receive process for any purpose.

Plaintiff argues that the registration of several partnerships—Krupp Associates 1980–1, Krupp Realty Fund, Ltd. (II), Krupp Realty Fund, Ltd. (III), Krupp Realty Fund (IV), Krupp Realty Limited Partnership (V)—as broker-dealers pursuant to N.Y.Gen.Bus.L. § 352–b manifests the defendants' consent to general jurisdiction in New York. We need not consider whether these partnerships can be identified with the defendants; the partnerships themselves are not subject to general jurisdiction on this ground. When a foreign indi-

vidual or entity registers under § 352–b, it appoints the secretary of state to receive process for it "in any action, investigation or proceeding brought or conducted by the attorney general under the provisions of" New York's securities laws. Obviously, this is not such an action. Defendants could not, by registering as broker-dealers, consent to anything more than what the statute says. Mere registration pursuant to § 352–b does not create general jurisdiction over the defendants.

■ Alternatively, Advance seems to argue that registration plus the series of business contacts between it and defendants yield general jurisdiction. In this light, the registration does not manifest consent to jurisdiction, but shows that the defendants are "doing business" in New York. CPLR § 301 confers general jurisdiction over foreign corporations that are found "doing business" in New York. *Cf. Tauza v. Susquehenna Coal Co.,* 220 N.Y. 259, 115 N.E. 915 (1917). The contacts cited in this case do not provide the "fair measure of permanence and continuity" that is the hallmark of the "doing business" test. *Tauza,* 220 N.Y. at 267, 115 N.E. at 917. Plaintiff's unsuccessful attempts to sell properties to the defendants cannot prove that the defendants purposefully availed themselves of the advantages of New York commerce. *Laufer v. Ostrow,* 55 N.Y.2d 305, 449 N.Y.S.2d 456, 459, 634 N.E.2d 692, 695 (1982). The registrations, though purposeful, do not evidence "doing business." No New York case has addressed the effect of § 352–b registration on the "doing business" test. However, in a somewhat analogous context, New York courts have held that the fact that a corporation's shares are sold in New York does not confer general jurisdiction over the corporation. *See Gilson v. Pittsburgh Forgings Co.,* 284 F.Supp. 569, 571 (S.D.N.Y.1968) (Wyatt, J.) *and cases cited therein.* The sum of contacts with the plaintiff and registration to sell limited partnerships do not yield the conclusion that the Krupp Company did business in New York.

Douglas Krupp is not alleged to have had any additional contacts with New York. Thus, because defendant Krupp Company was not doing business in New York, defendant Douglas Krupp could not have done business in New York. In reaching this ruling, we assume without deciding that the "doing business" test applies to individual as well as to corporate defendants. The New York Court of Appeals has yet to decide this issue, which has divided the Appellate Division. *Compare ABCKO Industries, Inc. v. Lennon,* 52 A.D.2d 435, 384 N.Y.S.2d 781, 784 (1st Dept.1976) (applying test to individuals) *with Nilsa B. v. Clyde H.,* 84 A.D.2d 295, 445 N.Y.S.2d 579, 586 (2d Dept.1981) (rejecting test for individuals).

## B. Specific Jurisdiction

■ New York's long-arm statute, CPLR § 302(a)(1) confers jurisdiction over a foreign defendant whose transaction of business in New York gives rise to the cause of action in question. The transaction here did not take place in New York. The property sold was in Chicago. The only contacts with New York are the telephone calls with Advance and the mailgram sent to Advance. Phone calls and correspondence with a New York broker do not add up to a transaction of business in New York. *Glassman v. Hyder,* 23 N.Y.2d 354, 296 N.Y.S.2d 783, 244 N.E.2d 259 (1968). In the sole instances where the New York Court of Appeals has held telephone calls an adequate basis for jurisdiction, one, *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970) implicitly found that the out-of-state defendant's call effectively made the plaintiff's employee its local agent; the other, *Ehrlich-Bober & Co., Inc. v. University of Houston,* 49 N.Y.2d 574, 427 N.Y. S.2d 604, 404 N.E.2d 726 (1980) relied upon defendant's contact with a New York bank in the course of the transaction. Neither of those affiliating factors is present here. Thus, the phone calls and mailgram do not satisfy the requirements of § 302(a)(1).

The motion is granted and the complaint is dismissed.

IT IS SO ORDERED.