■ PATRICK P. MUOLLO, as Executor of JEAN MUOLLO, Deceased, Appellant, v CRESTWOOD VILLAGE, INC., Respondent.— In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated February 29, 1988, as, upon reargument, adhered to its original determination in an order of the same court dated February 25, 1985, dismissing the action on the ground of lack of personal jurisdiction.

Ordered that on the court's own motion, Patrick P. Muollo, as executor of the estate of Jean Muollo, is substituted as the party plaintiff, and the caption is amended accordingly; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff's decedent, a resident of this State, allegedly was injured on January 25, 1981, by reason of the defendant's negligence, when she slipped and fell on the steps of the defendant's sales office in New Jersey. The defendant, a foreign corporation, sells condominiums in New Jersey.

To establish long-arm jurisdiction over the defendant under CPLR 302 (a) (1), the plaintiff relies upon the fact that the defendant advertises in New York and complied with the applicable provisions of the Martin Act (see, General Business Law § 352 et seq.). The Martin Act requires, inter alia, that a corporation file a prospectus or offering statement with the Attorney-General before it may use the New York media to advertise the sale of out-of-State condominiums (see, General Business Law § 352-e [1] [a]; [2]).

An essential criterion for long-arm jurisdiction under CPLR 302 (a) (1) is that the cause of action must arise out of the business transacted in New York *(Apicella v Valley Forge Military Academy & Jr. Coll.,* 103 AD2d 151, 154; *Nemetsky v Banque De Developpement,* 65 AD2d 748, *affd* 48 NY2d 962). In this case, it cannot be said that the plaintiff's causes of action arose out of the defendant's advertisement in the New York Times or the filing of a prospectus with the Attorney-General *(see, Apicella v Valley Forge Military Academy & Jr. Coll., supra; Carbone v Fort Erie Jockey Club,* 47 AD2d 337; *Greenberg v R.S.P. Realty Corp.,* 22 AD2d 690; *Frummer v Hilton Hotels Intl.,* 19 NY2d 533). Furthermore, the defendant's solicitation of business in New York by advertising in newspapers and over the radio will not suffice to confer jurisdiction over it pursuant to CPLR 301 *(see, Laufer v Ostrow,* 55 NY2d 305; *Carbone v Fort Erie Jockey Club,* 47 AD2d 337, *supra).* The advertising of out-of-State condominiums for sale, when combined with the acts the defendant is statutorily required to perform before it can engage in such solicitation, does not amount to the minimum contacts required to constitute "doing business" in New York *(see, Advance Realty Assocs. v Krupp,* 636 F Supp 316).

We reject the plaintiff's contention that a foreign corporation's designation, under General Business Law § 352-a (1) or § 352-b (1), of the Secretary of State as an agent to receive process, constitutes consent to personal jurisdiction in any action brought in New York State. It is true that a foreign corporation is deemed to have consented to personal jurisdiction over it when it registers to do business in New York and appoints the Secretary of State to receive process for it pursuant to Business Corporation Law §§ 304 and 1304 *(see, Augsbury v Petrokey Corp.,* 97 AD2d 173; *Trounstine v Bauer, Pogue & Co.,* 44 F Supp 767, 770, *affd* 144 F2d 379; *see also,* McLaughlin's Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1989 Pocket Part, CPLR C301:5, at 7). In the latter situation, the statute imposes no limitation upon this appointment; the Secretary of State may receive process for any purpose. Unlike Business Corporation Law §§ 304 and 1304, a foreign corporation's appointment of the Secretary of State as an agent to receive process for it under General Business Law §§ 352-a and 352-b is limited by the statute to receipt of process in any action, investigation or proceeding brought or conducted by the Attorney-General under the provisions of the Martin Act. Since this is not such an action, the defendant cannot be deemed to have consented to the

plaintiff acquiring personal jurisdiction over it in this State *(see, Advance Realty Assocs. v Krupp, supra,* at 317-318). Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.