**Patrick JOLIVET, Plaintiff,**

v.

**Thomas J. CROCKER and Crocker & Company, Defendants.**

**Civ. A. No. 94–CV–0052.**

United States District Court, E.D. New York.

Aug. 8, 1994.

---

Steven E. Cohen, Geoghan & Cohen, New York City, for plaintiff.

Raymond Power, Jr., Hawkins, White, Feretic, Daly, O'Neill & Maroney, New York City, for defendants.

TRAGER, District Judge:

Patrick Jolivet, a New York resident, commenced this lawsuit to recover damages based on his September 8, 1993 discharge from employment by the Teachers Insurance and Annuity Association ("TIAA"). Plaintiff asserted subject matter jurisdiction based on diversity, as the defendants Thomas J. Crocker and his firm Crocker & Company are located in Florida.

TIAA had retained Crocker & Company, a real estate management firm, to manage certain properties in Florida which TIAA owns, and Jolivet had dealt with the defendants in his capacity as an associate director of TIAA's real estate division. Jolivet has alleged that TIAA fired him because Thomas J. Crocker sent a letter, dated July 28, 1993, from Crocker & Company headquarters in Florida to TIAA in New York which falsely stated that Jolivet had made anti-Semitic remarks in a conversation with one of defendants' employees.

The defendants now move to dismiss under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. New York provides the jurisdictional standard to be met in this case. Fed. R.Civ.P. 4(k)(1)(A); *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983). Jolivet has asserted in his response to this motion that personal jurisdiction exists pursuant to New York's long-arm statute, CPLR § 302(a)(1), (3). To buttress his argument, Jolivet claims that the subject letter was sent to New York via facsimile as well as by mail, and that the alleged anti-Semitic remarks were attributed to him while he had been conducting TIAA business with the defendants. He further claims that Mr. Crocker and some of his employees have traveled to New York to solicit business from TIAA, and that the defendants have entered into loan, mortgage, and management agreements with TIAA.

Although, for the purposes of this motion, the pleadings and affidavits have been construed in the light most favorable to plaintiff, *Advance Realty Associates v. Krupp,* 636 F.Supp. 316, 317 (S.D.N.Y.1986), plaintiff, nevertheless, has failed to make a *prima facie* showing of personal jurisdiction under subsections (1) or (3) of § 302(a). *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d at 768. Accordingly, defendants' motion to dismiss is granted.

Under § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state." The New York Court of Appeals has construed § 302(a)(1) to require that the claim asserted must "bear a substantial relationship to the transaction out of which the instant action arose," and that

"[e]ssential to the maintenance of a suit against a nondomiciliary is the existence of some articulable nexus between the business transacted and the cause of action sued upon." *McGowan v. Smith,* 52 N.Y.2d 268, 272, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981). The New York Court of Appeals reiterated this standard in *Talbot v. Johnson Newspaper Corp.,* 71 N.Y.2d 827, 829, 522 N.E.2d 1027, 1029, 527 N.Y.S.2d 729, 731 (1988).

In *Beacon Enterprises, Inc.,* the Second Circuit stated "[w]e agree with the New York courts' interpretation of section 302(a)(1) which requires 'a direct relation between the cause of action and the in-state conduct' as 'an important condition of acquiring jurisdiction over the non-domiciliary defendant.'" 715 F.2d at 764 (quoting *Fontanetta v. American Board of Internal Medicine,* 421 F.2d 355, 357 (2d Cir.1970)). The plaintiff in *Beacon Enterprises, Inc.* had sought a declaratory judgment that its products did not violate defendant's federal copyrights and trademarks. The lawsuit was commenced after the plaintiff there had received a letter in which the defendant threatened to sue plaintiff based on the asserted copyright and trademark violations. Although the defendant had shipped goods into New York, the Second Circuit found that this activity was insufficient under § 302(a)(1). The court ruled that these shipments had no relevance to plaintiff's lawsuit, which "arose as a result of [defendant's] 'cease and desist' letter, not her commercial activity." 715 F.2d at 765. The Second Circuit held that "no 'articulable nexus,' ... much less a 'substantial relationship,' ... [existed] between [defendant's] shipment of goods into New York and Beacon's cause of action." *Id.* (quoting *McGowan,* 52 N.Y.2d at 272, 419 N.E.2d at 323, 437 N.Y.S.2d at 645).

Thus, in *Beacon Enterprises, Inc.,* the defendant's contact with New York was found to be "deficient in both quality and degree and therefore fail[ed] to support section 302(a)(1) jurisdiction. New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale." *Beacon Enterprises, Inc.,* 715 F.2d at

766 (citing *Katz & Son Billiard Products, Inc. v. Correale & Sons, Inc.,* 20 N.Y.2d 903, 904, 232 N.E.2d 864, 865, 285 N.Y.S.2d 871, 871–72 (1967); *L.F. Rothschild, Unterberg, Towbin v. McTamney,* 89 A.D.2d 540, 540–41, 452 N.Y.S.2d 630, 631 (1st Dep't 1982), *aff'd mem.,* 59 N.Y.2d 651, 449 N.E.2d 1275, 463 N.Y.S.2d 197 (1983); *Findlay v. Duthuit,* 86 A.D.2d 789, 790, 446 N.Y.S.2d 951, 953 (1st Dep't 1982)). *Accord, Glassman v. Hyder,* 23 N.Y.2d 354, 244 N.E.2d 259, 296 N.Y.S.2d 783 (1968) (interstate letters and telephone calls did not establish personal jurisdiction under § 302(a)(1)); *DelBello v. Japanese Steak House, Inc.,* 43 A.D.2d 455, 352 N.Y.S.2d 537 (4th Dep't 1974) (under § 302(a)(1), "[t]he mere mailing of literature and advice into this State does not subject a nonresident to New York jurisdiction."). *See also Fox v. Boucher,* 794 F.2d 34, 37 (2d Cir.1986) (single telephone call held insufficient under § 302 and "minimum contacts" due process principles); *Mayes v. Leipziger,* 674 F.2d 178 (2d Cir.1982) (out-of-state letters and phone calls did not provide personal jurisdiction under § 302(a)(1)); *Advance Realty Assoc. v. Krupp,* 636 F.Supp. 316, 318 (S.D.N.Y.1986) ("phone calls and correspondence with a New York broker d[id] not add up to a transaction of business in New York"); *Sterling National Bank & Trust Co. of New York v. Southern Scrap Export Co.,* 468 F.Supp. 1100, 1106 (S.D.N.Y.1979) (telephone calls and letters did not provide a basis for jurisdiction under § 302(a)(1)).

Indeed, after *Beacon Enterprises, Inc.* was decided, the New York Court of Appeals, in *Talbot v. Johnson Newspaper Corp.,* 71 N.Y.2d 827, 829, 522 N.E.2d 1027, 1029, 527 N.Y.S.2d 729, 731 (1988), again addressed the absence of personal jurisdiction under § 302(a)(1) when such jurisdiction was sought based on communications received in New York. There, the plaintiff commenced a lawsuit for defamation based on letters and a phone call transmitted from California to New York. The Court of Appeals rejected plaintiff's claim that personal jurisdiction could be based on these communications, or on other activity within New York which had no "substantial relationship" or "nexus" with the alleged defamation. 71 N.Y.2d at 829, 522 N.E.2d at 1029, 527 N.Y.S.2d at 731.

In the instant case, Jolivet has alleged that he was discharged from his job because the defendants wrote a letter which defamed him, a letter which was sent from Florida to New York. This lawsuit arose out of that letter; the New York activities which plaintiff has alleged—the solicitation of business and the financial agreements entered into between TIAA and the defendants—are not substantially related to, and lack sufficient nexus with, the subject letter. If it has any nexus to defendants' business activities at all, it is not to New York, but to defendants' business activities in managing a Florida property for TIAA.

Moreover, the relationship here between the subject letter, which attributed statements of a personal nature to Jolivet, and defendants' New York business activities, is weaker than the relationship, reviewed in *Beacon Enterprises, Inc.*, between the cease and desist letter, which alleged trademark and copyright infringements, and the shipment by defendant of goods into New York which were claimed to be protected by the defendant's trademarks and copyrights.

Plaintiff also argues that, because TIAA and the defendants have agreed that their real estate management agreements are to be governed under New York law, this is evidence that there was a nexus between the defendants' activities in New York and the letter. The New York governing law clause was no doubt included at the request of TIAA, but in any case, it can in no meaningful sense be said to have enhanced defendants' business connections to New York. Therefore, plaintiff has failed to make a *prima facie* showing that the court has personal jurisdiction over the defendants under § 302(a)(1).

Nor does this court have personal jurisdiction under § 302(a)(3), which governs out-of-state torts that cause injury within New York. Section 302(a)(3) specifically excepts from its purview causes of action based on defamation. In an attempt to circumvent this statute, Jolivet has labelled his claims for relief as "libel" and "tortious interference with a contractual relationship." However, both of these claims are based on the alleged defamatory letter, and thus § 302(a)(3) can-

not serve to supply a basis for personal jurisdiction. To rule otherwise would provide a facile means for plaintiffs whose claims arise in an employment context to evade the statutory defamation exception in § 302(a)(3). "[P]laintiffs' attempt to convert the alleged tort from defamation to something else must be rejected as spurious." *American Radio Assoc., AFL–CIO v. A.S. Abell Co.*, 58 Misc.2d 483, 296 N.Y.S.2d 21, 23 (N.Y.Sup.Ct.1968). *See also Weicker v. Weicker*, 22 N.Y.2d 8, 237 N.E.2d 876, 290 N.Y.S.2d 732 (1968) (where to evade New York's ban against alienation of affection actions, plaintiff unsuccessfully sought to characterize her claim as one for intentional infliction for mental distress).

Accordingly, defendants' motion to dismiss is granted, and the Clerk of the Court is directed to issue judgment in favor of the defendants.

SO ORDERED.