Priester v Frangakis (2021 NY Slip Op 05199)





Priester v Frangakis


2021 NY Slip Op 05199


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


690 CA 20-01686

[*1]LISA PRIESTER AND PAUL PRIESTER, INDIVIDUALLY AND AS HUSBAND AND WIFE, PLAINTIFFS-RESPONDENTS,
v
ANGELICA FRANGAKIS, DEFENDANT, ASPIRE OF WESTERN NEW YORK, DEFENDANT-RESPONDENT, AND WILLCARE, DEFENDANT-APPELLANT. 






FELDMAN KIEFFER, LLP, BUFFALO (SARAH RODMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
HOGAN WILLIG, PLLC, AMHERST (RYAN C. JOHNSEN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered June 11, 2020. The order denied the motion of defendant Willcare to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Lisa Priester (plaintiff) when the vehicle in which she was a passenger was involved in a motor vehicle accident. Plaintiff, who uses a wheelchair due to quadriplegia, was a participant in the New York State Consumer Directed Personal Assistance Program (CDPAP), which provided plaintiff with certain home care services including a personal aide, i.e., defendant Angelica Frangakis, who assisted plaintiff with various activities of daily living. Defendant Willcare served as a fiscal intermediary for plaintiff through CDPAP. One afternoon, Frangakis was transporting plaintiff from a medical appointment in plaintiff's wheelchair-accessible van when the van was involved in the accident. Plaintiff's injuries in the accident allegedly resulted from Frangakis's failure to properly restrain plaintiff's wheelchair. Plaintiffs alleged in the amended complaint, inter alia, that Willcare was an employer of Frangakis and granted Frangakis the authority to care for plaintiff, that Frangakis was providing care to plaintiff at the time of the accident, and that plaintiff suffered injuries as a result of the negligence and misconduct of Frangakis during the course of her employment with Willcare. Plaintiffs further alleged that Willcare breached a duty to plaintiff because it knew or should have known when it hired Frangakis that she had a propensity to not properly restrain passengers or ensure the proper safety of Willcare's clients. Willcare moved to dismiss the amended complaint against it based upon documentary evidence (see CPLR 3211 [a] [1]), and Supreme Court denied the motion without prejudice with leave to renew the motion upon completion of further discovery. We affirm.
Willcare contends that the court erred in denying its motion. We reject that contention. We conclude that the documentary evidence submitted by Willcare in support of the motion does not utterly refute the factual allegation of plaintiffs that Frangakis was acting within the scope of her employment with Willcare at the time of the accident (see Calabro v General Ins. Co. of Am., 23 AD3d 326, 326 [2d Dept 2005]; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Although the documentary evidence establishes, inter alia, that Willcare was a "fiscal intermediary" in CDPAP, it does not conclusively establish that Willcare's only [*2]role with respect to plaintiff and Frangakis was that of a fiscal intermediary and, in any event, the responsibilities of a fiscal intermediary under CDPAP go beyond those of a payroll-processing company (see generally Hardgers-Powell v Angels In Your Home LLC, 330 FRD 89, 109 [WD NY 2019]). Indeed, "[t]he division of responsibilities under the program makes the employer determination anything but clear-cut" (id. at 110), and Frangakis testified during her deposition that she was jointly employed by, and took direction from, Willcare.
We further conclude that the court did not err in denying Willcare's motion without prejudice to renew because facts essential to justify opposition to the motion may exist (see Amigo Food Corp. v Marine Midland Bank-N.Y., 39 NY2d 391, 395 [1976]; see generally CPLR 3211 [d]), and thus further discovery is needed (see Peterson v Spartan Indus., 33 NY2d 463, 466 [1974]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court