## Samson MCA LLC v Hudson's Edge Catering & Events LLC

2024 NY Slip Op 30755(U)

March 12, 2024

Supreme Court, Ontario County

Docket Number: Index No. 134865-2022

Judge: Daniel J. Doyle

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

INDEX NO. 134865-2022

RECEIVED NYSCEF: 03/12/2024

STATE OF NEW YORK
SUPREME COURT        COUNTY OF ONTARIO

SAMSON MCA LLC,

                              Plaintiff,                              Index #: 134865-2022

            -vs-

HUDSONS EDGE CATERING AND EVENTS LLC
D/B/A HUDSON'S EDGE CATERING & EVENTS LLC
And BRYAN WILSON,

                              Defendants.

                              Special Term
                              March 5, 2024

Appearances on Submission

*Ariel Bouskila, Esq., Berkovitch & Bouskila, PLLC- for Plaintiff*
*Marshall E. Garson, Esq., J.S. Fritzson Law Firm P.C.- for Defendants*

# DECISION

Doyle, J.

This is a merchant advance agreement case. Pending before the Court is Plaintiff's

motion to dismiss the Counterclaims pursuant to CPLR 3211(a)(1) and (7).[1]

For the reason set forth herein, the motion to dismiss is **GRANTED**.

---

[1] The Notice of Motion mistakenly cites to CPLR 3221 instead of 3211. This error is disregarded pursuant to CPLR §2001.

1

## LAWSUIT FACTS

This action is related to the parties' agreement for Plaintiff to purchase Defendants' future receivables having an agreed value of $67,455.00 on October 19, 2022. It is alleged that the Company Defendant remitted $22,755.88 of the receivables, leaving a balance of $44,699.12.

The Answer sets forth Counterclaims sounding in civil usury, criminal usury, fraudulent inducement and negligent misrepresentation.

## LEGAL ANALYSIS

CPLR 3211(a)(1) allows for dismissal for a defense based upon documentary evidence. "A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted if the documentary evidence 'resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s].'" Baumann Realtors, Inc. v. First Columbia Century-30, LLC, 113 A.D.3d 1091, 1092 (4th Dept. 2014) (citation omitted). The motion to dismiss will be granted if the documentary evidence "utterly refute(s)" the factual allegations made in the Complaint. See Priester v. Frangakis, 198 A.D.3d 1295, 1296 (4th Dept. 2021).

Dismissal is also sought for failure to state a cause of action. "On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), '[w]e accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory.'" Connaughton v. Chipotle Mexican Grill, Inc., 29 N.Y.3d 137, 141 (2017) (citation omitted). "At the same time, however, 'allegations consisting of bare legal conclusions as well as

2

factual claims flatly contradicted by documentary evidence are not entitled to any such consideration.'" Simkin v. Blank, 19 N.Y.3d 46, 52 (2012) (citation omitted). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." Connaughton, 29 N.Y.3d at 142.

"'When ruling on a motion to dismiss pursuant to CPLR 3211(a)(7), it is well settled that 'the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one.'" Wilczak v. City of Niagara Falls, 174 A.D.3d 1446, 1447 (4th Dept. 2019) (citation omitted). "'Thus, [a]ffidavits and other evidentiary material may be considered to establish conclusively that [the] plaintiff has no cause of action.'" Id. (citation omitted).

### Usury Counterclaims

In assessing whether a transaction is truly a usurious loan, "the courts will be vigilant to judge the transaction by its real character rather than by the form and color which the parties have seen fit to give it." Archer Motor Co. v. Relin, 255 A.D. 333, 335 (4th Dept 1938). It is "common practice for those engaged in usury to disguise the true nature of their transactions. . . ." Matter of People v. JAG NY, LLC, 18 A.D.3d 950, 952 (3rd Dept. 2005). The Court of Appeals has stated:

> The question in each case is, and necessarily must be, whether the agreement be fair and reasonable, or a mere device to evade the usury statutes. . . "what we have to find in the transaction is the intention of the parties. *** It was early recognized by the courts than if the form of the contract were to be controlling, the statute against usury would be substantially unenforceable, and thus it was made the duty of the court in each case presented to examine into the substance of the transaction

3

[* 3]

between the parties and determine whether the intent which pervaded it was one which violated the statute."

Hartley v Eagle Ins. Co. of London, England, 222 NY 178, 185 (1918) (citation omitted).

The agreement between the parties in the case at bar contained a mandatory right of reconciliation, did not have a finite term, was subject to a "downturn" in Defendants' business, and did not make a bankruptcy filing an event of default. The Agreement is consequently not a loan that is subject to usury laws. Accordingly, documentary evidence provides a defense to the usury counterclaims.

The motion to dismiss the First and Second Counterclaims is **GRANTED**.

Fraudulent Inducement

The Third Counterclaim alleges that Plaintiff made false and misleading statements to induce Defendant to enter into the Agreement and that the statements were made with the purpose of inducing Defendants to rely on them. It is further alleged that Defendants justifiably relied on them.

"A plaintiff seeking to invalidate a release due to fraudulent inducement must 'establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury.'" Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V., 17 N.Y.3d 269, 276 (2011).

Here, the Third Counterclaim lacks the requisite specificity to support a claim of fraud. See CPLR 3016. Defendants fail to allege what statements were made by Plaintiff that were fraudulent or when the statements were made. "CPLR 3016(b) is satisfied when the facts suffice to permit a 'reasonable inference' of the alleged misconduct." Eurycleia

4

[*4]

Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559 (2009). Conclusory statements of fraud are insufficient to withstand this burden. Id.

The motion to dismiss the Third Cause of Action is **GRANTED**.

### Negligent Misrepresentation

The Fourth Counterclaim alleges that Plaintiff made false and misleading misrepresentations, had no ground to believe them to be true, and that Plaintiff knew or should have known the statements were false and misleading. It is alleged that these representations were made with the intent to induce Defendant to act in reliance on them, and that Defendants did not know they were false and were consequently induced to enter into the Agreement.

For the reasons set forth *supra*, the motion to dismiss the Fourth Counterclaim is also **GRANTED**.

Plaintiff shall submit a proposed order to opposing counsel for approval, and thereafter to the Court, by April 16, 2024.

Signed at Rochester, New York on March _12_, 2024.

**HONORABLE DANIEL J. DOYLE**
**Supreme Court Justice**

5

[* 5]