Owen McGivern, J.
Plaintiff moves for dismissal for insufficiency of the separate defense and the partial defense contained in the answer of defendant, the World Telegram Corporation. The action in libel is based upon an article entitled “A New Appraisal of Psychiatry”, written by defendant Buark and published in the September 13, 1962 issue of the World Telegram and Sun. The defenses are addressed to the entire article, although plaintiff now asserts he complains only of the following portion:
“ The fad — and I use that word in the sense of ‘ craze of psychoanalysis and psychiatry seems to have abated somewhat in the last few years as some of its more commercial and quackish aspects have been debunked and occasional criminal or immoral abuses bared.
££ I see by the papers where one husband, after paying for psychiatric treatment for 17 years at a cost of $33,000 is suing a psychoprober for a mess of money, accusing him of encouraging the plaintiff’s wife to leave him. (The wife is now a practicing psychiatrist.)
“ Plaintiff also alleges business losses of $364,000 during the span of treatment, when plaintiff and wife were both using the same doc for analysis, and of being swayed into business operations with the psychiatrist against his own interests. £ Abuse of professional standards ’ also is hinted in the allegations.
6£ This would certainly be an isolated case, if true, but isolated only in the fact that it actually has been brought publicly to court, despite a request by the defense attorney that the papers be sealed and kept from the press.
*336 “ The motion was denied by the presiding judge. But for every psychiatric disaster brought into the public view there must have been thousands which went unnoticed because of the average patient’s disinclination to appear publicly as a boob, a sucker or a dupe.
“ The fact of the matter is that a great many simple souls with imagined complexes have been so pelted with mystic learning and lofty prescriptions for retreading the psyche that they feel they have to check a reference book before they smack a child or make a decision involving a kiss or a handshake.”
The balance of the article relates the observations of a named psychiatrist.
If the statements of the second paragraph are of and concerning this plaintiff, then it is a jury question whether the statements contained in the first paragraph are of and concerning the plaintiff. For the purpose of this motion the complaint adequately alleges that defendant encloaked plaintiff with the aspersive characterizations contained in the first and other paragraphs of the quoted article.
The first and complete defense is the rolled-up defense of truth and fair and true report of a judicial proceeding. The judicial proceeding is identified as the complaint in an action brought against this plaintiff by his former patient. A copy of that complaint is made a part of the defense. It is then alleged that after the service and filing of the complaint in the other action the fair and true report thereof and fair comment thereon became privileged. However, the second quoted paragraph of the article quoted above which begins ‘ ‘ I see by the papers where one husband ” clearly discloses that the report which the defendant was making was not of a judicial proceeding, but emanated rather from the statement of another source concerning it.
Furthermore, the allegations upon which claimed truth is rested are not as broad as the published article, and the news account upon which defendant relies is not concerned with the subject of the first paragraph of the article which is not related to the judicial proceeding on which the defendant relies. The defense is insufficient. See second paragraph of former section 337 of the Civil Practice Act, now section 74 of the Civil Eights Law and Shenkman v. O’Malley (2 A D 2d 567, 572-573).
In a partial defense it is alleged after repeating allegations of the complete defense that prior to the publication there was published in the New York Times, a reliable newspaper of good repute, an article concerning the plaintiff and reporting the judicial proceeding with fair comment thereon; and prior to *337 the publication, of which complaint is here made, the New York Times published a further article commenting upon the professions of psychiatry and psychoanalysm, upon psychiatrists and psychoanalysts and upon their influence upon parents, families and children and the public generally. Further, that all of such matters were known in substance to the defendant prior to the publication of the article complained of, had been communicated to the defendant by trustworthy persons and from trustworthy sources and were relied upon and believed to be true in making the publication of which plaintiff complains. The sources and persons are not identified. In any event such a defense asserted in mitigation of damage is available only in the absence of malice and such allegation is lacking. The partial defense is insufficient. (Kelley v. Hearst Corp., 2 A D 2d 480; Shenkman v. O’Malley, supra.) No request has been made for leave to replead. Accordingly, the motion for dismissal of the two stated defenses is granted. The relief sought in the alternative is not reached.