Robert J. Trainor, J.
The defendant Victor D. Chase, sued herein as “Jane Doe ”, moves for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 8) on the ground that the summons was served on said defendant outside the State of New York and that the court could acquire no jurisdiction by virtue of said service. The plaintiffs cross-move for an order striking the complete defenses set forth in paragraphs 17th and 18th of defendant Chase’s answer. Paragraph 17th states that the action was not commenced within the time limited by CPLR 215 and paragraph 18th states that the court has and can acquire no jurisdiction over the defendant by virtue of the personal service on the defendant outside the State of New York.
The cause of action is one in libel arising as a result of an alleged newspaper article written by the defendant Victor D. Chase and published in a newspaper operated by Westchester *1087 Rockland Newspapers, Inc. The only matter before this court deals with the alleged cause of action and answer interposed on behalf of the defendant Victor D. Chase. The alleged libelous article, written by defendant Chase, was published in the Herald Statesman in the City of Yonkers on April 21, 1966. On March 30, 1967, the action was commenced by the service of a summons and complaint on the Westchester Rockland Newspapers, Inc., well within the one-year Statute of Limitations specified in CPLR 215.
CPLR 203, which deals with the computation of periods of limitations, provides in subdivision (b) that “ A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: 1. the summons is served upon the defendant ’ \
“ If the interest of the parties in the subject matter is such that they stand or fall together and that judgment against one will similarly affect the other, then they are united in interest ”. (2 Carmody-Wait 2d, New York Practice, § 13:237. See, also, 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.06; Prudential Ins. Co. of America v. Stone, 270 N. Y. 154.)
It has been held on innumerable occasions that in an employer-employee relationship they are so united in interest that the commencement of an action against one is sufficient to toll the statute against the other. (Plumitallo v. 1407 Broadway Realty Corp., 279 App. Div. 1019; Diver v. Jewish Hosp. of Brooklyn, 18 Misc 2d 231.) It is clear that service of the summons and complaint on the defendant Westchester Rockland Newspapers, Inc., was sufficient to toll the Statute of Limitations against the defendant Victor D. Chase.
With respect to the acquiring by this court of jurisdiction over the defendant Victor D. Chase by personal service upon him in the State of Ohio, it is apparent that under CPLR 302 (subd. [a], par. 2) a cause of action for defamation of character is an exception to the rule granting jurisdiction to the court upon personal service of a summons upon a nondomiciliary for a tortious act committed in the State of New York. CPLR 302 (subd. [a], par. 1) provides, however, that the court may exercise personal jurisdiction over a nondomiciliary who £ £ transacts any business within the state ’ ’.
In Totero v. World Tel. Corp. (41 Misc 2d 594) the court specifically took cognizance of a situation similar to the instant one and found it had jurisdiction by the personal service of a summons upon a nondomiciliary in an action for libel. There is no question but that the act complained of was connected with the transaction of business in the State of New York and the court *1088 has therefore acquired jurisdiction by the personal service upon the defendant Victor D. Chase. The motion of the defendant is denied in all respects and the motion of plaintiffs to strike paragraphs 17th and 18th of the defendant Chase’s answer is granted.