FERNAND LEGROS, Appellant, v. CLIFFORD IRVING, Respondent, et al., Defendants.

First Department, December 23, 1971.

*Charles G. Moerdler* of counsel (*Nathan Z. Dershowitz* with him on the brief; *Stroock & Stroock & Lavan,* attorneys), for appellant.

*Carl F. Goodman* of counsel (*Martin S. Ackerman,* attorney), for respondent.

TILZER, J. Plaintiff appeals from so much of an order and judgment that dismissed the complaint against Clifford Irving on the ground that the court lacks jurisdiction over said defendant.

The plaintiff, an art dealer, brought this action in defamation based upon alleged false statements contained in the book " Fake ", which was authored by defendant Irving (a nonresident) and published and distributed by defendant McGraw-Hill, Inc. Process was served upon Irving personally in Spain, pursuant to CPLR 313.

In dismissing the complaint Special Term stated: " CPLR § 302(a) (2) specifically excludes an action for defamation from the operation of said section, dealing with the commission of tortious acts within the state."

The plaintiff acknowledges that jurisdiction cannot be predicated upon CPLR 302 (subd. [a], par. 2) because of the exclusion contained therein, but asserts that jurisdiction may be acquired under CPLR 302 (subd. [a], par. 1) upon the basis of transaction of business within the State.

Specifically, the sections of the CPLR which are involved herein are as follows:

"§ 302. Personal jurisdiction by acts of non-domiciliaries.

" (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent:

" 1. transacts any business within the state; or

" 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act ".

The question thus presented is whether jurisdiction in an action for defamation may be based upon the transaction of business pursuant to CPLR 302 (subd. [a], par. 1).

While it does not appear that any appellate courts in New York have considered this question, several lower court decisions have determined that jurisdiction might be so acquired. (*Modica* v. *Westchester Rockland Newspapers,* 54 Misc 2d 1086; *Totero* v. *World Tel. Corp.,* 41 Misc 2d 334.) We agree with the decisions in those cases.

The rationale for excluding defamation actions from the operation of CPLR 302 (subd. [a], pars. 2 and 3) is discussed in Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 1, par. 302.11) wherein it is stated:

" In incorporating this exception, which is not found in the Illinois statute, the Advisory Committee intended to avoid unnecessary inhibitions on freedom of speech or the press. These important civil liberties are entitled to special protections lest procedural burdens shackle them. It did not wish New York to force newspapers published in other states to defend themselves in states where they had no substantial interests, as the New York Times was forced to do in Alabama. However, where the defamation complained of arises from or is connected with transaction of business in the State, jurisdiction may be acquired pursuant to CPLR 302(a) (1).

" The fact, however, that a libel is uttered over the radio or printed in another state by a nonresident does not necessarily mean that jurisdiction can not be obtained in this state if the nonresident is, for example, a corporation ' doing business ' in this state and therefore amenable to service under CPLR 301 or is an individual who is served in this state."

There is a clear distinction between a situation where the only act which occurred in New York was the mere utterance of the libelous material and on the other hand, a situation where purposeful business transactions have taken place in New York giving rise to the cause of action. Where purposeful transactions of business have taken place in New York, it may not be said that subjecting the defendant to this State's jurisdiction is an

" unnecessary inhibition on freedom of speech or the press."

In this case, it is clear that virtually all the work attendant upon publication of the book occurred in New York. The book was in part researched in this State by defendant Irving; negotiations with McGraw-Hill took place in New York; the contract with McGraw-Hill was executed in New York; the book was printed in New York. The above facts are not contested.

The defendant Irving takes the position that the foregoing is irrelevant. He asserts that the cause of action for defamation arose only upon publication of the libelous material to third parties, and because such tortious conduct is specifically excluded from the operation of CPLR 302 jurisdiction cannot attach. The plain answer is that defendant misinterprets the statute. There is no requirement that jurisdiction be grounded upon either the final act or the ultimate act causing the injury (cf. *Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443, 456–457). It is sufficient if the cause of action is related to and grows out of the transaction of business in New York. Where as here, all the significant actions culminating in the publication of the book occurred in New York, it is quite evident that the cause of action does arise out of those transactions of business. We conclude that jurisdiction was properly acquired by virtue of CPLR 302 (subd. [a], par. 1).

Accordingly, the order and judgment, entered July 23, 1971, insofar as appealed from, should be reversed on the law, with costs and disbursements to the plaintiff, to the extent of denying the cross motion to dismiss, and the complaint as against defendant Irving should be reinstated. Defendant Irving should be permitted to serve an answer within 10 days after service of a copy of the order to be entered herein with notice of entry.

NUNEZ, J. P. (dissenting). I dissent and would affirm. Justice KORN properly dismissed the complaint for lack of jurisdiction. This defamation action is specifically excluded from the long-arm statute which was not meant to confer jurisdiction to our courts in actions by a nonresident against a nonresident.

KUPFERMAN, McNALLY and EAGER, JJ., concur with TILZER, J.; NUNEZ, J. P., dissents in an opinion.

Order and judgment (one paper), Supreme Court, New York County, entered on July 23, 1971, so far as appealed from, reversed, on the law, to the extent of denying the cross motion and reinstating the complaint as against defendant Irving. Defendant Irving is permitted to serve an answer within 10 days after service upon him by plaintiff of a copy of the order herein, with notice of entry thereon. Appellant shall recover of respondent $50 costs and disbursements of this appeal.