■ ANTONIO C. MARTINEZ, Individually and on Behalf of All Holders of CONVERTIBLE DEBENTURES OF AMERICAN EXPORT INDUSTRIES, INC., Respondent, v AMERICAN EXPORT INDUSTRIES, INC., et al., Appellants.—Order, Supreme Court, New York County, entered on January 22, 1975, insofar as it granted plaintiff's motion to declare this a class action, unanimously reversed, on the law, and motion denied, without costs and without disbursements. Where, as here, a choice of remedies is available to each member of an alleged class, class action status should be denied. *(Gaynor v Rockefeller,* 15 NY2d 120, 129.) Permitting a class action in this instance would deprive the other debenture holders of their choice of remedies. *(Onofrio v Playboy Club of N. Y.,* 15 NY2d 740.) Concur—Markewich, J. P., Kupferman, Murphy, Capozzoli and Lynch, JJ.

■ NICHOLAS YANNI, Respondent, v VARIETY, INC., et al., Defendants, and DON ROSS, Appellant.—Order entered October 2, 1974, in the Supreme Court, New York County, unanimously reversed, on the law, and the motion of defendant-appellant Don Ross (appellant) to dismiss the complaint is granted and the action severed as to defendant-appellant. Appeal from order entered January 6, 1975, dismissed. Defendant-appellant shall recover of plaintiff-respondent one bill of $60 costs and disbursements. Plaintiff commenced this action to recover damages for an alleged libel contained in an advertisement placed by appellant in a California newspaper *Daily Variety.* Appellant moved pursuant to CPLR 3211 (subd [a], par 8) to dismiss the amended complaint on the ground that the court had no personal jurisdiction of appellant pursuant to CPLR 302. Special Term found that personal jurisdiction was not obtainable under CPLR 302 (subd [a], pars 2, 3) but concluded that such jurisdiction was obtainable under CPLR 302 (subd [a], par 1), on the theory that appellant through the newspaper advertisement transacted business in New York State. We disagree. Appellant, a California resident, placed the advertisement in California in a California publication, which had at most a minimal distribution in New York through mail subscriptions, no copies being sold on newsstands. Appellant took no part in or exercised any control over the distribution in New York, nor was his economic interest furthered by such distribution. There is grave doubt that appellant was even aware of any New York distribution. We do not find on this record that appellant may fairly be held to have transacted business in New York within the meaning of the statute *(Strelsin v Barrett,* 36 AD2d 923). Concur—Stevens, P. J., Kupferman, Murphy, Lane and Nunez, JJ.