OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Leon Talbot and Jane Talbot commenced a defamation action against Stuart Macharen, his daughter Patricia Macharen, and Johnson Newspaper Corp. (as well as several individual media defendants), seeking damages for injury to his reputation as a coach at St. Lawrence University, caused by two letters written by Stuart Macharen. The letters dealt with two incidents recounted by Patricia Macharen to her father, which occurred in May 1982, allegedly involving Leon Talbot. In the first, a St. Lawrence student was struck and killed by a vehicle driven by a second student shortly after he left a party at the Talbots’ home; he was charged with operating a vehicle while his condition was impaired by alcohol, a charge that was eventually dismissed. Patricia Macharen, then a St. Lawrence senior, assisted in identifying the body and notifying the deceased’s roommates. The second incident occurred approximately two weeks later at a fraternity party where Macharen observed an individual she believed to be Leon Talbot in a severely intoxicated state.
More than two years after his daughter’s graduation, Stuart Macharen, a California resident, wrote from there to the university president and board of trustees criticizing the handling of the student’s death, describing his daughter’s account of the coach’s behavior at the campus party, and questioning the propriety of university requests for contributions from alumni in light of these events. In October 1984, defendant newspaper featured the letter (which had been sent *829 to it by a trustee) in an article. The article quoted from the letter as well as a telephone interview with Patricia Macharen, also in California, in which she said, "I have no doubt in my mind that I saw the coach guzzling beer at the party.” Talbot insisted that the individual she saw must have been a look-alike. Four days later, the newspaper published a second article entitled "Coach’s Double Fell Asleep on Frat Sofa,” which reported that a man bearing an uncanny resemblance to Talbot was the person described in the Macharen letter. A subsequent letter written by Stuart Macharen reiterated that his daughter still maintained that the man on the sofa was heon Talbot.
The Macharens — both California residents who conducted no business in New York — moved to dismiss the action against them for want of personal jurisdiction. Special Term denied the motion, concluding that the requirements of CPhR 302 (a) (1) were satisfied by Patricia Macharen’s pursuit of a college degree here and by both Macharens’ interest in maintaining the value of that degree, and that there was a substantial relationship between the business transaction and the cause of action: "[ajbsent the four-year educational contract, the Macharens would not even have been in New York at the time of the basketball coach’s alleged intoxication”. The Appellate Division reversed and dismissed the complaint against the Macharens.
We agree with the Appellate Division that CPhR 302 (a) (1) —the section that governs the issue in this defamation action —does not support the exercise of personal jurisdiction over the Macharens. Essential to the maintenance of this action against the Macharens are some "purposeful activities” within the State and a "substantial relationship” between those activities and the transaction out of which the cause of action arose (McGowan v Smith, 52 NY2d 268, 272). Even if Patricia Macharen’s previous enrollment and attendance at a New York university satisfied the requirement of purposeful activities in New York, there was no showing that — years after termination of that relationship — there was the required nexus between the Macharens’ New York "business” and the present cause of action. While appellants urge that jurisdiction may constitutionally be premised on broader standards articulated by the United States Supreme Court (see, e.g., Asahi Metal Indus. v Superior Ct., 480 US 102, —, 107 S Ct 1026, 1033), the New York long-arm statute (CPhR 302) does not provide for in personam jurisdiction in every case in which *830 due process would permit it (Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 71).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.