■ New England Log Homes, Inc., Appellant, v Charles B. Moody et al., Doing Business as New England Log Homes, Respondents. [598 NYS2d 618] —Casey, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered May 15, 1992 in Warren County, which, *inter alia,* denied plaintiff's motion for a default judgment.

Plaintiff in this breach of contract action contends that Supreme Court erred in failing to grant its motion for a default judgment against defendant Charles B. Moody. According to plaintiff, neither defendant submitted an answer and defendants' motion seeking dismissal of the action for lack of personal jurisdiction as to defendant Susan B. Moody did not constitute an appearance by Charles Moody. We disagree and affirm Supreme Court's order.

A defendant appears in an action by serving an answer or a notice of appearance or by making a motion which has the

effect of extending the time to answer (CPLR 320 [a]). An individual defendant may appear in person or by an attorney (CPLR 321 [a]). In addition to seeking dismissal of the action as to Susan Moody, the preanswer motion brought by defendants' attorney on their behalf also sought an order "restraining" plaintiff from maintaining this action unless and until it complies with the requirements for foreign corporations doing business in this State contained in Business Corporation Law § 1312. This aspect of defendant's motion was directed at plaintiff's legal capacity to maintain the action (see, Continental Shows v Essex County Agric. Socy., 62 AD2d 1103) and, therefore, was properly a subject of a CPLR 3211 motion (see, CPLR 3211 [a] [3]), which has the effect of extending the time to answer (CPLR 3211 [f]). Accordingly, the motion constituted an appearance by both defendants (CPLR 320 [a]) and, therefore, neither defendant is in default.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.