[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT MARBURG'S MOTION TO DISMISS
In this case the plaintiff insurance company has brought a declaratory judgment action. It asks that the court rule that the contract of insurance between the company and the defendant insured does not cover claims CT Page 8880 made by other parties, also defendants, for injuries and losses inflicted on them by the defendant insured. The ultimate decision will turn on a question of contract interpretation as to whether there is coverage since the alleged damages according to the plaintiff company do not consist of "bodily injury," arose out of injurious consequences expected or intended by the insured, and/or arose out of activities undertaken in connection with a business engaged in by the insured — all matters involving interpretation of contract provisions.
The defendant insured has filed a motion to dismiss one of the grounds of which is that this court has no jurisdiction over her under the long-arm statute, § 52-59b(a) C.G.S.A. Once such a motion has been filed, the burden is upon the plaintiff to establish the basis for jurisdiction. There has been no evidence or documentation presented to the court that the insurance contract was signed in Connecticut. There can be no dispute from the attempts at service here, which are part of the file, that the defendant insured is presently a non-resident living in Florida. Attached to the objection to the motion to dismiss there is a copy of the complaint filed by the other parties whose claims of wrongdoing against the defendant insured raise the coverage questions now presented in this action. The contents of the attached complaint make it clear that the wrongdoing alleged therein occurred in the state of Connecticut. The defendant here does not of course admit to any of the wrongdoing but does not deny that such allegations have been made regarding the situs of the wrongdoing which would permit the court to decide the jurisdictional question.
In deciding these questions the Supreme Court has noted that in drafting our statute the legislature used § 302 of the New York Civil Practice Law as a model and indicated the New York case law should be referred to, Zartolas v.Nisenfeld, 184 Conn. 471, 474 (1981). There are no Connecticut cases dealing with the issue raised by this motion to dismiss and the court could find no New York cases directly on point, see cases collected in Volume 7B pp. 124 et seq. of McKinney's Consolidated Laws of NewYork, Annotated and article at 27 A.L.R.3d 397, § 17 pp. 466 et seq. which collects New York cases interpreting the long-arm statute. CT Page 8881
There is general language in the New York cases which is of some use. Thus in Legros v. Irving, 327 N.Y.S.2d 371,373 (1971) the court said: "There is no requirement that jurisdiction be grounded upon either the final act or the ultimate act causing the injury. . . . It is sufficient if the cause of action is related to and grows out of the transaction of business in New York." InLongines-Wittnauer Co. v. Barnes Reinecke, 261 N.Y.S.2d 8,17, 18 (1965) the court said in commenting on § 302: "The design of the legislation as expressed by the committee was to take advantage of the `new jurisdictional enclave' . . . opened up by International Shoe where the non-resident defendant has engaged in some purposeful activity in this state in connection with the matter in suit." Id. at p. 18, cf Schneider v. J C Carpet Co., 258 N.Y.S.2d 717,718, 719 (1965) for similar language. (Emphasis added.)
This case simply put involves a question of contract interpretation; the defendant insured doesn't question the right of the plaintiff to bring the action as such, in other words on subject matter jurisdiction grounds. Thus it would certainly seem that the defendant's alleged acts in Connecticut regarding whether she transacted business or engaged in tortious action here have a direct bearing on the interpretation of this contract. This cause of action requesting and requiring an interpretation of contract rights seems clearly to arise out of allegations regarding the defendant's alleged transaction of business and tortious actions in this state. Since by the very nature of these proceedings it can be assumed she seeks coverage under the policy for these alleged acts (in fact the company is now defending her), the court need not require the establishment of further jurisdictional facts — i.e. that in fact the defendant engaged in business in Connecticut or there is some indication she engaged in tortious activity.[1] The motion to dismiss based on the claim the court has no jurisdiction under the long-arm statute is denied because this action for declaratory relief is clearly a cause of action whose resolution depends on the actions of the defendant "arising" in our state as a result of her allegedly transacting business here or committing a tort, see language of § 52-59(b)(a).
The defendant has also moved to dismiss on the basis CT Page 8882 of improper venue. A motion to dismiss cannot be granted on the ground that it has been returned to an improper location, see § 51-351 C.G.S.A., see Sprague v. Commissionon Human Rights and Opportunities, 3 Conn. App. 484,Chrysler Credit Corp. v. Berinan, et al.,6 Conn. L. Rptr. 177 (1992).
The motion to dismiss is denied, there is personal jurisdiction over the defendant under the long arm statute. For purposes of the record if a change of venue is sought, the court would request that written motion to that effect be filed.
Corradino, J.