■ WILLIAM MONTGOMERY, III, Appellant, v PATRICK MINARCIN et al., Respondents. [693 NYS2d 293] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 28, 1999 in Warren County, which granted defendants' motion to dismiss the complaint against defendant Patrick Minarcin for lack of personal jurisdiction.

Plaintiff is a resident of the County of Warren and was the District Attorney of that county at all times material to his complaint. Defendant Patrick Minarcin was a reporter for WNYT-News Channel 13 (hereinafter Channel 13), which broadcasts out of Albany and is owned by defendant Viacom International, Inc. During the time period from October 25, 1993 through October 29, 1993, Channel 13 broadcasted reports alleging corruption within the Warren County District Attorney's office while plaintiff was serving as the District Attorney. The reports, based on Minarcin's investigation, focused on alleged corruption in which plaintiff was involved while in

office, particularly his association with drug dealers and his activities related to the prosecution of drug offenses.

Plaintiff commenced an action for libel, defamation and prima facie tort against defendants in the United States District Court for the Northern District of New York in October 1994, which was thereafter voluntarily dismissed by stipulation of the parties because of a lack of diversity of citizenship.

On February 16, 1995, plaintiff commenced this action, which mirrored the Federal action, in Supreme Court, Albany County. Defendants moved for a change of venue from Albany County to Warren County; while the venue motion was pending, defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint on two grounds: (1) because the applicable Statute of Limitations had expired, and (2) as against Minarcin, because the court lacked personal jurisdiction over him. Supreme Court (Kahn, J.) granted the motion to dismiss based upon the Statute of Limitations issue, but this Court reversed (245 AD2d 920).

Defendants re-noticed their motion to change venue. In a letter to Supreme Court (Graffeo, J.) defendants asserted that the motion to dismiss the complaint as against Minarcin was ripe for determination, and requested that the personal jurisdiction issue be held in abeyance pending determination of the proper venue. The motion to change venue to Warren County was thereafter granted by Supreme Court, Albany County (Malone, J.). Supreme Court in Warren County thereafter granted Minarcin's motion to dismiss the complaint against him, concluding that Minarcin was a resident of Florida who was not subject to New York's in personam jurisdiction and, further, was not subject to New York's long-arm jurisdiction. Plaintiff now appeals, and we reverse.

As an initial matter we conclude that, contrary to plaintiff's contentions, defendants' motion to dismiss for lack of personal jurisdiction over Minarcin was not violative of the "single motion" rule (see, CPLR 3211 [e]). Defendants originally moved for dismissal in February 1996 in Supreme Court in Albany County; they resubmitted that same motion to that court in January 1998 after this Court reversed the dismissal—which had been premised solely upon the Statute of Limitations—and reinstated the complaint. Upon the granting of the change of venue, defendants resubmitted the motion a final time to Supreme Court in Warren County. There was but one CPLR 3211 (a) dismissal motion. Notably, Minarcin did not waive the defense of lack of personal jurisdiction by moving to change venue, as the previous venue motion was premised upon CPLR

511 and not on CPLR 3211 (a) (*see,* CPLR 3211 [e]) and defendant's change of venue motion did not constitute an appearance (*cf.,* CPLR 320 [a]; *New England Log Homes v Moody,* 194 AD2d 846; Siegel, NY Prac § 110, at 174 [2d ed]).

Addressing the merits, we conclude that New York courts may exercise personal jurisdiction over Minarcin for these claims under this State's long-arm jurisdiction statute (*see,* CPLR 302 [a] [1]). CPLR 302 applies, *inter alia,* to a defendant, such as Minarcin, who is a domiciliary of this State at the time he commits one of the alleged acts, but is a nondomiciliary at the time of the lawsuit (*see, State of New York v Davies,* 24 AD2d 240, 241-242, *affd* 18 NY2d 950; *see also,* Siegel, NY Prac § 85, at 123 [2d ed]). Further, while defamation claims are excluded from CPLR 302's tort provisions (*see,* CPLR 302 [a] [2], [3]), personal jurisdiction over a nondomiciliary defendant in a defamation action has been sustained under CPLR 302 (a) (1) where the action arises out of a defendant's transaction of business in New York (*see, Legros v Irving,* 38 AD2d 53, *appeal dismissed* 30 NY2d 653; *see also, Talbot v Johnson Newspaper Corp.,* 71 NY2d 827; *GTP Leisure Prods. v B-W Footwear Co.,* 55 AD2d 1009, 1010; Siegel, NY Prac §§ 86, 87, at 125, 134 [2d ed]). Plaintiff's maintenance of this defamation action against Minarcin, a nondomiciliary, under CPLR 302 (a) (1) requires a showing that Minarcin engaged in " 'purposeful activities' " within this State and demonstration of a " 'substantial relationship' " between those activities and the cause of action (*Talbot v Johnson Newspaper Corp., supra,* at 829, quoting *McGowan v Smith,* 52 NY2d 268, 272; *see also, Legros v Irving, supra,* at 55-56; Siegel, NY Prac § 86, at 123-130 [2d ed]).

Here, it is undisputed that all of the operative facts giving rise to plaintiff's claims occurred in this State. The television news reports were broadcast by Minarcin in this State, while employed by a local television station owned and operated by defendants. The newscasts were researched, written, produced and reported by Minarcin in this State (*see, Legros v Irving, supra* [virtually all work attendant upon, and including, publication of allegedly defamatory book occurred in New York, including research, contract execution, printing]; *cf., Talbot v Johnson Newspaper Corp., supra* [allegedly defamatory letters written by the defendant from California to New York did not support long-arm jurisdiction since there was no nexus between the defendant's prior activities in New York and the action]; *Kim v Dvorak,* 230 AD2d 286 [Massachusetts defendant who sent allegedly defamatory letters to New York complain-

ing of parent's medical treatment here was not engaged in purposeful activity in this State]; *Yanni v Variety, Inc.*, 48 AD2d 803 [placement of allegedly defamatory advertisement in California newspaper later distributed to New York is not transacting business in this State]; *Streslin v Barrett*, 36 AD2d 923 [where the defendant performed in a studio in California and videotape of the allegedly defamatory performance was later distributed in New York for broadcast television, he was not transacting business in New York]). Minarcin extensively investigated these reports over a six-week period in this State, based in large part on interviews with residents and elected officials in Warren County, on a State investigation into defendant's activities, on documentary materials located in the Warren County Clerk's office, and on other court records.

Viewing the totality of Minarcin's activities in this State (*see, Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 457, n 5, *cert denied sub nom. Estwing Mfg. Co. v Singer*, 382 US 905; *Catauro v Goldome Bank For Sav.*, 189 AD2d 747, 748), we conclude that plaintiff's allegations are sufficient and supported by record evidence demonstrating that Minarcin engaged in purposeful activity in this State which is directly related to and forms the basis of plaintiff's causes of action so as to be deemed to have transacted business in this State within the intendment of CPLR 302 (a) (1) (*see, Talbot v Johnson Newspaper Corp.*, *supra*, at 829; *Legros v Irving*, *supra*, at 55). The assertion of jurisdiction over Minarcin under CPLR 302 (a) (1) does not excessively inhibit the constitutional freedoms of speech and press which the Legislature sought to protect by excluding defamation actions from the tort provisions of CPLR 302 (a) (2) and (3), where the defamation complained of arises directly from Minarcin's purposeful and extended transaction of business as a journalist in this State (*see, Legros v Irving*, *supra*, at 55; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 302.15). Accordingly, New York courts may exercise jurisdiction over Minarcin for these causes of action, and Supreme Court erred in granting defendant's motion to dismiss for lack of personal jurisdiction (*see,* CPLR 3211 [a] [8]).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.