■ BEATRICE O'BRIEN et al., Respondents, v ROBERT JACKSON MILLER III et al., Appellants. [876 NYS2d 23]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 24, 2008, which, in an action for, inter alia, breach of contract arising out of architectural plans prepared by defendant Miller that were allegedly defective, denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

New York's long-arm statute does not support the exercise of personal jurisdiction over defendant Miller (CPLR 302). "Essential to the maintenance of this action against [Miller] are some purposeful activities within the State and a substantial relationship between those activities and the transaction out of which the cause of action arose" (Talbot v Johnson Newspaper Corp., 71 NY2d 827, 829 [1988] [internal quotation marks and citation omitted]). Here, the record shows that while Miller is employed in New York, his employment here is unrelated to the contract between himself and plaintiffs, which he entered into personally in New Jersey, and not on behalf of his employer.

Plaintiffs' claims against defendant architectural firm also fail, since there is no evidence that Miller was acting as the firm's agent when he entered into the agreement with plaintiffs (see e.g. Hallock v State of New York, 64 NY2d 224, 231 [1984]).

Nor is there evidence that the firm engaged in any conduct which misled plaintiffs into relying upon any alleged misrepresentations made by Miller (*see Ford v Unity Hosp.*, 32 NY2d 464, 473 [1973]). Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ.