SPCA OF UPSTATE NEW YORK, INC., et al., Respondents, v AMERICAN WORKING COLLIE ASSOCIATION et al., Appellants. [903 NYS2d 562]—

Lahtinen, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered October 9, 2009 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

The primary issue before us is whether defendants are subject to New York's long-arm jurisdiction in this defamation action. In October 2007, State Police removed 23 mistreated dogs—collie and dachshund breeds—from a residence in the Town of Fort Ann, Warren County. The dogs were placed with plaintiff SPCA of Upstate New York, Inc. (hereinafter SPCA) in the Town of Queensbury, Warren County. Shortly after the dogs were placed with SPCA, defendant Jean Levitt, a Vermont resident and president of defendant American Working Collie Association (hereinafter AWCA), an Ohio not-for-profit corporation, contacted via telephone plaintiff Cathy Cloutier, executive director of SPCA and a resident of Queensbury. Levitt offered assis-

tance to SPCA and a $1,000 donation was made by AWCA to SPCA to help in the care of the dogs. Levitt made a second phone call to Cloutier reporting that collars and leashes purchased by AWCA had arrived and she made arrangements to deliver such items.

On November 7, 2007, Levitt drove from Vermont to SPCA where, in a visit lasting less than one hour, she delivered the collars and leashes, toured the facility and wrote a personal check to cover veterinary costs incurred by SPCA in caring for some of the dogs. Near the end of November 2007, Levitt placed a third call to Cloutier in which they discussed and disagreed about the proper care for one particular older collie. Levitt made a second, and final, visit to SPCA on January 5, 2008 to check on the condition of the dogs and she stayed about an hour and a half. Upon returning to Vermont, Levitt wrote about her observations of the dogs. On or after January 13, 2008, Levitt posted her writings on AWCA's Web site.

Plaintiffs commenced this action in January 2009 alleging that they were defamed by the writings posted by Levitt on AWCA's Web site. Defendants served an answer and subsequently made a motion for dismissal of the complaint for lack of personal jurisdiction. Supreme Court denied the motion finding that plaintiffs had established long-arm jurisdiction pursuant to CPLR 302 (a) (1). Defendants appeal.

Jurisdiction over a nondomiciliary may be predicated on CPLR 302 (a) (1) "where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business" (*Johnson v Ward*, 4 NY3d 516, 519 [2005]). Once a nondomiciliary asserts the jurisdictional issue, the plaintiff then has the burden of showing adequate contacts to sustain long-arm jurisdiction (*see Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d 1262, 1264 [2009]; *Spectra Prods. v Indian Riv. Citrus Specialties*, 144 AD2d 832, 833 [1988]). Determining whether a defendant has transacted business within the meaning of the long-arm statute requires consideration of the totality of the circumstances (*see Wimmer Can. v Abele Tractor & Equip. Co.*, 299 AD2d 47, 49-50 [2002], *lv denied* 99 NY2d 507 [2003]; *see also Farkas v Farkas*, 36 AD3d 852, 853 [2007]; *Montgomery v Minarcin*, 263 AD2d 665, 668 [1999]). The Second Circuit has aptly observed that "New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation" (*Best Van Lines, Inc. v Walker*, 490 F3d 239, 248 [2007]; *see Kim v Dvorak*, 230 AD2d 286, 290 [1997]; *Legros v Irving*, 38 AD2d 53, 55-56 [1971], *appeal*

*dismissed* 30 NY2d 653 [1972]). Indeed, the long-arm statute reveals the special concern as to defamation cases (*see* CPLR 302 [a] [2], [3]); a concern grounded in "an intent to avoid unnecessary inhibitions on freedom of speech or the press" (*Kim v Dvorak*, 230 AD2d at 290 [internal quotation marks and citations omitted]).

Here, Levitt made two short visits totaling less than three hours to New York as part of her offer on behalf of herself and AWCA to aid in the care of the dogs. During her visits, she donated goods and money. Further, volunteers affiliated with AWCA offered and provided assistance in caring for the dogs on several weekends. Levitt's three phone calls were aimed at providing aid and inquiring about the dogs. There is no evidence that any of the contacts with New York made by Levitt and AWCA garnered funds, yielded members or generated publicity for AWCA. From the outset, the purpose of the contact was to help with a difficult situation that had developed suddenly regarding a large number of mistreated dogs. AWCA is undisputedly a not-for-profit corporation with no offices in New York and only about a dozen members in this state. The comments about which plaintiffs complain were not made in this state, but were made in Vermont after defendants' involvement with the dogs had ostensibly ended. In addition, they were placed on a Web site for AWCA members (who are located throughout the country) with no effort to direct the comments toward a New York audience.

The contacts present in this case are not as significant as the few cases finding long-arm jurisdiction when defamation was asserted (*see e.g. Montgomery v Minarcin*, 263 AD2d at 667 [allegedly defamatory newscasts were researched, written, produced, reported and broadcast in this state]; *Sovik v Healing Network*, 244 AD2d 985, 987 [1997] [the defendants drafted and either distributed or authorized distribution in New York of allegedly defamatory letter, and letter used to solicit funds]; *Legros v Irving*, 38 AD2d at 56 [the defendant's allegedly defamatory book was researched in New York, the contract was negotiated and executed in this state, and it was published here]). Although defendants' contacts could support long-arm jurisdiction for causes of action other than defamation and the issue here is a close one, we are unpersuaded that extending jurisdiction on these facts would be consistent with this state's narrow approach to long-arm jurisdiction in defamation cases (*see e.g. Talbot v Johnson Newspaper Corp.*, 71 NY2d 827, 829 [1988]; *Copp v Ramirez*, 62 AD3d 23, 28-30 [2009], *lv denied* 12 NY3d 711 [2009]; *Kim v Dvorak*, 230 AD2d at 290-291; *Best Van Lines,*

*Inc. v Walker*, 490 F3d at 244-251; *Nardiello v Allen*, 2007 WL 4119182, *3-4, 2007 US Dist Lexis 85080, *7-12 [ND NY 2007]).

Plaintiffs' alternative argument of general jurisdiction under CPLR 301 has been considered and found unavailing (*see generally Arroyo v Mountain School*, 68 AD3d 603, 603-604 [2009]).

Cardona, P.J., Mercure, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and complaint dismissed.