[906 NYS2d 449]

GARY NULL & ASSOCIATES, INC., Plaintiff, v LEE PHILLIPS, Defendant.

Supreme Court, New York County, June 28, 2010

APPEARANCES OF COUNSEL

*Levine Sullivan Koch & Schulz, LLP*, New York City (*Nathan Siegel* and *Nicole A. Auerbach* of counsel), for defendant. *Leslie Fourton*, New York City, for plaintiff.

## OPINION OF THE COURT

JOAN A. MADDEN, J.

In this action for defamation based on Internet communications, defendant moves for an order pursuant to CPLR 3211 (a) (5), (7) and (8) dismissing the complaint for lack of personal jurisdiction, for failure to state a cause of action and as time-barred by the statute of limitations.

Plaintiff Gary Null & Associates, Inc. commenced the action on July 24, 2009. The complaint alleges that defendant Lee Phillips "is a resident of Washington, D.C.," and asserts a first cause of action for defamation, seeking $10,000,000 in damages, and a second cause of action for "injunctive relief directing defendant Phillips to immediately and permanently take the aforementioned articles off of the Internet." As to the specific allegedly defamatory statements, the complaint alleges that: (1) on or about April 18, 2008, Phillips "wrote and placed an open letter on the Internet entitled 'Open Letter to WPRW: Gary Null's Hazardous Broadcast,' " stating " 'I realize he refers to himself as Dr. Null, and likes to decorate his name with a Ph.D., but his degree turns out to be as bogus as the M.S. that he sometimes puts after his name on publications"; (2) on or about April 21, 2008, Phillips "wrote and placed on the Internet an article entitled 'Gary Null's Goons Threaten to Sue Me: My Response,' " stating " 'then we can move on to his bogus credentials' "; (3) in or about May 2008, Phillips published on the Internet "another article, 'Does Gary Null have a real Ph.D,' in which he further discredits Null's academic credentials"; and (4) on November 6, 2008, Phillips published an article on the Internet stating " 'Indeed, Gary Null is a real nutjob. His Ph.D happens to be bogus.' " With respect to the foregoing statements, the complaint alleges that Phillips, "in his articles, falsely asserts that Null never received a doctorate degree and that his degree is 'bogus,' " and that "[i]n fact, Dr. Null graduated from Union Institute & University, an accredited university, with a Ph.D degree in human nutrition." The complaint also alleges that Phillips' "placement of these articles on the internet" was negligence, causing special harm, which constitutes defamation per se.

In seeking to dismiss the complaint, defendant contends that no basis exists for exercising long-arm jurisdiction over him since he resides in Virginia, works in Washington, D.C., and he wrote all of the statements at issue on his personal computer at his home in Virginia, and did not send the statements to any person or entity in New York. Plaintiff responds by conceding that defendant resides in Virginia and works in Washington, D.C., but argues that the court has personal jurisdiction over defendant, since his contact with New York through his Web site constitutes sufficient minimum contacts for the court to find that he "purposefully availed" himself of New York law.

As an out-of-state resident, defendant Phillips cannot be subject to personal jurisdiction in New York unless plaintiff proves that New York's long-arm statute confers jurisdiction over him by reasons of his contacts within the state. (*See Copp v Ramirez*, 62 AD3d 23, 28 [1st Dept 2009], *lv denied* 12 NY3d 711 [2009].) The burden rests on plaintiff, as the party asserting jurisdiction. (*See id.*) New York long-arm jurisdiction is governed by CPLR 302, which provides in relevant part as follows:

> "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> "1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> "2. commits a tortious act within the state, *except as to a cause of action for defamation of character* arising from the act; or
>
> "3. commits a tortious act without the state causing injury to person or property within the state, *except as to a cause of action for defamation of character* arising from the act, if he
>
> "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

"4. owns, uses or possesses any real property situated within the state." (Emphasis added.)

By its terms, the long-arm statute as quoted above has limited applicability in defamation cases, since it is intended "to avoid unnecessary inhibitions on freedom of speech or the press." (*Legros v Irving*, 38 AD2d 53, 55 [1st Dept 1971], *appeal dismissed* 30 NY2d 653 [1972]; *accord SPCA of Upstate N.Y., Inc. v American Working Collie Assn.*, 74 AD3d 1464 [3d Dept 2010].) Defamation actions are expressly exempted from CPLR 302 (a) (2) and (3), so the only provision at issue in this case is CPLR 302 (a) (1), which requires defendant Phillips to transact business within the state and the defamation claim to arise from his transaction of that business. (*See Ehrenfeld v Bin Mahfouz*, 9 NY3d 501 [2007].) "If either prong of the statute is not met, jurisdiction cannot be conferred under CPLR 302 (a) (1)." (*Johnson v Ward*, 4 NY3d 516, 519 [2005]; *accord Copp v Ramirez*, 62 AD3d at 28.) In determining whether a defendant has transacted business within the meaning of CPLR 302 (a) (1), courts look to the totality of the defendant's activities within the state, to decide if he has transacted business in such a way that it constitutes "purposeful activity," which is defined as "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (*McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967], quoting *Hanson v Denckla*, 357 US 235, 253 [1958]; *accord Fischbarg v Doucet*, 9 NY3d 375, 380 [2007].)

The case at bar involves developing issues of New York long-arm jurisdiction in a defamation action based on statements appearing on an Internet Web site. As the Second Circuit noted in 2007,

"[w]hile no New York appellate court has yet explicitly analyzed a case of website defamation under the 'transact[ing] business' provision of section 302 (a)(1), several federal district courts in New York have . . . [and] concluded that the posting of defamatory material on a website accessible in New York does not, without more, constitute 'transact[ing] business' in New York for the purposes of New York's long-arm statutes." (*Best Van Lines, Inc. v Walker*, 490 F3d 239, 250 [2d Cir 2007], citing *Realuyo v Villa Abrille*, 2003 WL 21537754, 2003 US Dist LEXIS 11529 [SD NY 2003], *affd* 93 Fed Appx 297 [2d Cir 2004]; *Starmedia Network, Inc. v Star*

*Media, Inc.*, 2001 WL 417118, 2001 US Dist LEXIS 4870 [SD NY 2001]; *Competitive Tech., Inc. v Pross*, 14 Misc 3d 1224[A], 2007 NY Slip Op 50161[U] [Sup Ct, Suffolk County 2007].)

This court's research reveals a recent appellate case from the Third Department, *SPCA of Upstate N.Y., Inc. v American Working Collie Assn.* (*supra*), which relied on the Second Circuit's reasoning in *Best Van Lines, Inc. v Walker* to conclude that defendants were not subject to long-arm jurisdiction in a defamation action based on writings posted on their Web site. Notably, the Third Department agreed with the Second Circuit's "apt[ ]" observation that " 'New York courts construe "transacts any business within the state" more narrowly in defamation cases than they do in the context of other sorts of litigation'." (*SPCA of Upstate N.Y., Inc. v American Working Collie Assn.*, 74 AD3d at 1465, quoting *Best Van Lines, Inc. v Walker*, 490 F3d at 248.)[1]

Here, the issue is whether the conduct out of which plaintiff's claim arose was a "transact[ion of] business" under CPLR 302 (a) (1), which requires plaintiff to establish that Phillips conducted purposeful activity within the state, and that a substantial relationship exists between that activity and the

---

1. At least one New York trial court recently considered the issue, and found that long-arm jurisdiction existed over a defamation action based on Internet communications. (*See Intellect Art Multimedia, Inc. v Milewski*, 24 Misc 3d 1248[A], 2009 NY Slip Op 51912[U], \*6 [Sup Ct, NY County 2009] [holding that plaintiff alleged sufficient facts to show that defendant transacts business in New York through its "Ripoff Report" Web site, "given the high level of interactivity of the website, the undisputed fact that information is freely exchanged between website users," defendant's "alleged role in manipulating user's information and data," and defendant's "solicitation of companies and individuals to 'resolve' the complaints levied against them on Ripoff Report"].)

Other recent cases have considered the issue of long-arm jurisdiction and the Internet, but do not involve defamation claims. (*See e.g. Grimaldi v Guinn*, 72 AD3d 37 [2d Dept 2010] [in breach of contract action, defendant's passive Web site alone did not provide basis for long-arm jurisdiction, but defendant had other contacts with New York that were sufficient to confer jurisdiction]; *Zottola v AGI Group, Inc.*, 63 AD3d 1052 [2d Dept 2009] [in breach of contract action, Florida defendant who sold boat to New York plaintiff had sufficient minimum contacts with New York for long-arm jurisdiction]; *CRT Invs. v Merkin*, NYLJ, May 11, 2010, at 40, col 3 [Sup Ct, NY County] [in fraud action, court considered defendant's e-mails and Web site in determining that the totality of defendant's contacts with New York did not support any finding that it projected itself into New York to indicate the transaction of business under CPLR 302 (a) (1)]; *LB Intl. Inc. v Rainmaker Liquidators Inc.*, NYLJ, May 4, 2010, at 28, col 1 [Sup Ct, Suffolk County] [in breach of contract action, defendant's Web site alone, which provided information about its products but did not permit consumer to order products on line, was insufficient to confer long-arm jurisdiction under CPLR 302 (a) (1)].)

defamation claim asserted against him. (*See Ehrenfeld v Bin Mahfouz, supra.*) In other words, were Phillips' Internet postings and writings the kind of activity by which he "purposefully avail[ed him]self of the privilege of conducting activities" within New York, thus invoking the benefits and protections of New York's laws? (*Best Van Lines, Inc. v Walker*, 490 F3d at 253, quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d at 382; *accord Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988].)

In its memorandum in opposition to the motion, plaintiff cites *Best Van Lines, Inc. v Walker* (*supra*) and acknowledges that the posting of defamatory material on a Web site accessible in New York does not, without more, constitute "transacting business" in New York for the purposes of CPLR 302 (a) (1), and that an out-of-state resident does not subject himself to jurisdiction in New York by simply maintaining a Web site visited by New Yorkers. Plaintiff contends, however, that this case involves more than mere business transactions incident to establishing a Web site because Phillips "maintains his website along with advertisements from *Google*." Specifically, plaintiff argues that Phillips' Web site "provides a means to transact business on the Internet on a daily basis because *Google* is directing users of their search engine" to his Web site, and therefore, "business 'arises from' searches from consumers who could be looking for accommodations or to consume in New York and simultaneously such consumers could observe defendant's false and defamatory articles." Plaintiff also argues that Phillips is "doing business projected at New York . . . through his website indirectly," since advertisements of New York businesses are "positioned on his website page [and] are adjacent to the articles" about plaintiff. Plaintiff further contends that Phillips' allegedly defamatory words can be found on other Web sites, including the Web site of a "radio internet show in New York" known as the Leonard Lopate Show on WNYC, and that Phillips transacted business in New York by "intentionally appearing" on that "radio internet show within New York."[2]

Plaintiff's contentions are without merit, as neither the appearance of the Google ads on Phillips' Web site nor the presence of Phillips' comments on the Leonard Lopate Show Web site is sufficient to constitute the "transact[ion of] business" within the meaning of CPLR 302 (a) (1).

---

2. Notably, the complaint does not include any allegations of defamation based on the comments Phillips posted on the Leonard Lopate program Web site.

First, as to the Google advertisements, Phillips submits a reply affidavit explaining that in June 2005, he "signed up for 'Google AdSense,' a program that inserts ads from Google's ad server on users' websites," and involves the placement of a "piece of code" on his Web site to designate where the ads were to appear. Phillips states that he has no control over which ads appear on his Web site, he does not know how Google chooses which ads to display, and he has "never selected any particular ad for display." He also states that "[t]o the best of my knowledge, Google AdSense pays its participants based on the number of views or 'clicks' advertisers receive from their ads," and in exchange for allowing the Google ads in his Web site, he has been paid approximately $100 over the past few years. Phillips further states that Google is located in Mountain View, California.

Second, as to plaintiff's allegations that Phillips "appeared" on the Leonard Lopate radio show, Phillips states that in August 2008, "while searching for information about Gary Null on my home computer, in Virginia, I came across a radio broadcast and related comments on the website of the Leonard Lopate Show," and "placed a comment on the comment section expressing my views on Gary Null's academic credentials." Phillips states that he "did not appear on the Leonard Lopate program" and he did not "travel to New York at any time to conduct 'research' about Gary Null."

Based on the foregoing, it is clear that Phillips did not engage in any activity indicating that he "purposefully directed" his activities toward New York. The nature of Phillips' comments on his personal Web site does not suggest that they were specifically targeted to New York viewers, as opposed to a nationwide audience. (*See Best Van Lines, Inc. v Walker*, 490 F3d at 253.) The fact that the Web site contains advertisements from Google does not alter that conclusion, as Phillips has no control over the random selection of advertisements appearing on his Web site, and those advertisements are not strictly limited to companies located in New York. (*See Rescuecom Corp. v Hyams*, 477 F Supp 2d 522, 530 [ND NY 2006] [fact that defendant's Web site contained links to other Web sites selling merchandise or Web sites of plaintiff's competitors "does not aid plaintiff in making a prima facie showing that defendant purposefully availed himself of the privilege of transacting business in New York"].) Although Phillips received a small fee or commission for permitting Google to post advertisements on his Web site, it

cannot be disputed that the essential nature of his Web site is informational, and not commercial. (*See id.*) In any event, even if the appearance of the Google advertisements on Phillips' Web site were enough to constitute the transaction of business under CPLR 302 (a) (1), plaintiff cannot satisfy the "arises from" prong of CPLR 302 (a), as the advertisements bear no relationship or "articulable nexus" to the defamation alleged in this action. (*Best Van Lines, Inc. v Walker*, 490 F3d at 246; *accord Talbot v Johnson Newspaper Corp.*, 71 NY2d 827, 829 [1988]; *Copp v Ramirez, supra.*)

Furthermore, contrary to plaintiff's assertion, Phillips did not "appear" on the Leonard Lopate "internet radio program," which originates from New York, but simply used his home computer to post a comment on the radio program's Web site. As noted above, the making of allegedly defamatory statements outside New York about a New York resident does not, without more, provide a basis for personal jurisdiction under CPLR 302 (a) (1), even if those statements are posted on a Web site originating from New York and accessible to New York readers. (*See Best Van Lines, Inc. v Walker*, 490 F3d at 253; *Competitive Tech., Inc. v Pross, supra.*) The fact that Phillips' statements are accessible from other Web sites does not establish that they were posted in connection with some business activity. As with the report in *Best Van Lines, Inc. v Walker (supra)* and the column in *Realuyo v Villa Abrille (supra)*, the accessibility of Phillips' statements from other Web sites "arises 'solely from the aspect of the website from which anyone—in New York or throughout the world—could view and download the allegedly defamatory' " material. (*Best Van Lines, Inc. v Walker*, 490 F3d at 253, quoting *Realuyo v Villa Abrille*, 2003 WL 21537754, *7, 2003 US Dist LEXIS 11529, *21.*)

Finally, plaintiff has not made a sufficient showing to be entitled to jurisdictional discovery pursuant to CPLR 3211 (d). While plaintiff asserts that there are "essential jurisdictional facts that are not yet known," it does not appear from the complaint or plaintiff's opposition papers that "facts essential to justify opposition may exist, but cannot now be stated." (*Copp v Ramirez*, 62 AD3d at 31-32, quoting *Findlay v Duthuit*, 86 AD2d 789, 791 [1st Dept 1982].)

Thus, since plaintiff has failed to establish a basis under CPLR 302 (a) (1) for exercising personal jurisdiction over defendant Lee Phillips, the complaint must be dismissed. In light of this determination, the court need not consider the additional grounds for dismissal raised in defendant's motion papers.

Accordingly, it is hereby ordered that defendant Lee Phillips' motion to dismiss the complaint is granted, and the complaint is dismissed in its entirety.