10-5079-cv
Penachio v. Benedict

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
        *Circuit Judges.*

---

ANNE PENACHIO, PATRICK J. CARR,

      *Plaintiffs-Appellant*s,

          v.                   10-5079-cv

DIANE BENEDICT, VERONIQUE VAN PELT,

      *Defendants-Appellees.*

---

FOR APPELLANTS:      Patrick J. Carr, *pro se,* Scarsdale, N.Y.; Anne Penachio, *pro se*, White Plains, N.Y.

FOR APPELLEES:      John S. Rand (Lawrence T. D'Aloise, Jr., *on the brief*), Clark, Gagliardi & Miller, P.C., White Plains, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Anne Penachio and Patrick J. Carr, proceeding *pro se*, appeal the district court's judgment granting Diane Benedict and Veronique Van Pelt's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(2). *See Metro. Life Ins. Co. v. Roberson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). On a Rule 12(b)(2) motion, plaintiff carries the burden of demonstrating that jurisdiction exists, *see Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994), and where the district court did not conduct "a full-blown evidentiary hearing on a motion, the plaintiff need make only a prima facie showing of jurisdiction," *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). In order to resolve a motion to dismiss for lack of personal jurisdiction, a district court must "determine whether there is jurisdiction over the defendant under the relevant forum state's laws," *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999), which, in this case, are the various subsections of New York's Civil Practice and Rules ("C.P.L.R.") § 302(a).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm for substantially the same reasons stated in the thorough and well-reasoned orders below: the magistrate judge's July 6, 2010 report and recommendation and the district court's November 9, 2010 order. In order to evaluate whether personal jurisdiction exists

2

pursuant to C.P.L.R. § 302(a)(1), we must determine: (1) whether Benedict or Van Pelt transacted any business in New York, and, if so, (2) whether there was an articulable nexus, or substantial relationship, between the defamatory conduct and the actions that occurred in New York. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).

New York courts construe the "transacting business" test more narrowly in defamation cases than in other contexts. *Id.* at 248. New York courts do not interpret "transacting business" to include "defamatory utterances" sent into New York state, unless the conduct also included "something more." *Best Van Lines*, 490 F.3d at 248-49. Here, Penachio and Carr argue that the "something more" was established because Benedict and Van Pelt had been physically present in New York for a guardianship proceeding, had contacted New York residents by email and telephone, and had called upon New Yorkers to respond to their YouTube videos. However, this argument is foreclosed by *SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n*, in which the Third Department held that a person's defamatory comments on a website, coupled with phone calls to New York and donation of money to a New York entity, were insufficient to establish the "something more" required by C.P.L.R. § 302(a)(1). *See generally* 903 N.Y.S.2d 562 (3d Dep't 2010), *leave to appeal granted*, 915 N.Y.S.2d 213 (2010).

Furthermore, even if Benedict and Van Pelt had transacted business within the meaning of C.P.L.R. § 302(a)(1), they cannot demonstrate that an articulable nexus or a substantial relationship existed between the alleged defamatory conduct and the actions that occurred in New York. The relevant legal standards were discussed by the New York Court of Appeals in *Talbot v. Johnson Newspaper Corp.*, 71 N.Y.2d 827 (1998). In that case, a daughter told her father about two drunk driving incidents involving the coach at her university. *Id.* at 828. After the father wrote letters to the university describing the alleged actions of the coach, which were

3

subsequently published in a newspaper, the coach filed a defamation action against the father, daughter, and newspaper. *Id.* at 828-29. The father and daughter, both California residents conducting no business in New York, sought to dismiss for want of personal jurisdiction. *Id.* In affirming the Appellate Division's dismissal of the complaint, the New York Court of Appeals held that the coach had failed to demonstrate the required nexus between defendants' New York "business," the daughter's pursuit of a college degree in New York, and the coach's cause of action.

> We agree with the Appellate Division that CPLR 302(a)(1) -- the section that governs the issue in this defamation action -- does not support the exercise of personal jurisdiction over the [defendants]. Essential to the maintenance of this action against the [defendants] are some "purposeful activities" within the State and a "substantial relationship" between those activities and the transaction out of which the cause of action arose (*McGowan v Smith*, 52 NY2d 268, 272). Even if [the daughter's] previous enrollment and attendance at a New York university satisfied the requirement of purposeful activities in New York, there was no showing that -- years after termination of that relationship -- there was the required nexus between the [defendants'] New York "business" and the present cause of action. While appellants urge that jurisdiction may constitutionally be premised on broader standards articulated by the United States Supreme Court (*see, e.g.*, *Asahi Metal Indus. v Superior Ct.*, 480 U.S. 102, --, 107 S Ct 1026, 1033), the New York long-arm statute ( CPLR 302) does not provide for in personam jurisdiction in every case in which due process would permit it (*Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 71).

*Id.* at 829-30. *Cf. Legros v. Irving*, 327 N.Y.S.2d 371, 373 (1st Dep't 1971) (finding substantial relationship between allegedly defamatory book and defendant's New York business transactions because "virtually all the work attendant upon publication of the book occurred in New York [;] [t]he book was in part researched in this State[;] . . . negotiations with [the publisher] took place in New York; the contract with [the publisher] was executed in New York; [and] the book was printed in New York"). So too in this case, defendants' alleged defamatory comments were not made while they were physically present in New York, but rather were

4

published after they had returned to their out-of-state domiciles. Although the YouTube videos bear a relationship to the proceedings in New York and defendants' alleged commercial interest in New York, the district court correctly found that defendants' interaction with New York during the publication of the videos was too marginal to establish the required articulable nexus. Accordingly, the district court properly determined that plaintiffs failed to show a substantial relationship between the defamatory videos and the actions of the defendants in New York State.

We have considered plaintiffs' remaining arguments and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5